1  **Marquis & Aurbach**
   CRAIG R. ANDERSON, ESQ.
2  Nevada Bar No. 6882
   10001 Park Run Drive
3  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
4  Facsimile: (702) 382-5816
   canderson@marquisaurbach.com
5  Attorneys for Defendant Clark County Detention Center

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8  NATHANIEL BANKS, JR.,

9                    Plaintiff,              Case No:

10     vs.

11 CLARK COUNTY, NEVADA, a Governmental
   Body or Entity; CLARK COUNTY PUBLIC
12 DEFENDER PHILIP J. KOHN, individually and
   also the AGENCY or OFFICE itself of CLARK
13 COUNTY PUBLIC DEFENDER; TIERRA D.
   JONES, individually and as a Deputy Clark
14 County Public Defender; LAS VEGAS JUSTICE
   COURT; CLARK COUNTY DETENTION
15 CENTER; DOE INDIVIDUALS 1-10; ROE
   ENTITIES 1-10 and ROE INSTITUTIONS and
16 AGENCIES 11-20,

17                    Defendants.

18                    **NOTICE OF REMOVAL**

19 TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

20         Petitioner, Clark County Detention Center ("CCDC"), by and through its attorneys of

21 record, Craig R. Anderson, Esq., of the law firm of Marquis & Aurbach, notice the removal of

22 this action from the Eighth Judicial District Court of the State of Nevada to the United States

23 District Court for the District of Nevada and, in support thereof, state as follows:

24         1.     CCDC is a Defendant in the above-entitled action commenced in the Eighth

25 Judicial District Court, in and for the County of Clark, Case No. A-09-598480-C, Department

26 No. XXIII, and is now pending in that Court.

27         2.     Service of the Amended Summons and Amended Complaint was made on

28 Petitioner CCDC on or about December 9, 2009. Copies of the Amended Summons and

                              Page 1 of 3

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    Amended Complaint are attached hereto as **Exhibits A & B**.

2         3.    No further proceedings have been had in this matter in the Eighth Judicial District

3    Court, State of Nevada.

4         4.    The Amended Complaint alleges that Defendant CCDC violated Plaintiff's civil

5    rights pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1331 and §1343.

6         5.    Pursuant to 28 U.S.C. §1441, Defendant CCDC is therefore entitled to remove

7    this action to this court.

8         6.    Thirty days have not elapsed since Defendant CCDC was served with the

9    Amended Summons and Amended Complaint in this action.  Copies of the Amended Summons

10   and Amended Complaint are attached hereto as **Exhibits A and B**, constituting all of the papers

11   and pleadings served on Defendant CCDC.

12        7.    All named Defendants seek removal of this matter.

13        8.    A true and correct copy of this Notice of Removal is being filed this date with the

14   Clerk of the Eighth Judicial District Court of Nevada.

15        9.    Based on the foregoing, Defendant CCDC removes the action now pending in the

16   Eighth Judicial Court of Nevada, in and for the County of Clark, as Case No. A-09-598480-C to

17   this Court.

18                                          MARQUIS & AURBACH

19

20

21                                    By _____
                                          Craig R. Anderson, Esq.
22                                        Nevada Bar No. 6882
                                          10001 Park Run Drive
23                                        Las Vegas, Nevada  89145
                                          Attorneys for Defendant Clark County
24                                        Detention Center

25

26

27

28

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:05166-424 945534_1.DOC 12/17/2009 10:22 AM

## CERTIFICATE OF MAILING

I hereby certify that on the __2__ day of December, 2009, I served a copy of the foregoing **NOTICE OF REMOVAL** upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

Thomas J. Tanksley, Esq.
8683 W. Sahara Ave., #230
Las Vegas, NV 89117
Attorney for Plaintiff

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

Sherri Mory
an employee of Marquis & Aurbach

M&A:05166-424 945534_1.DOC 12/17/2009 10:22 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# EXHIBIT A

1  ACOM
   Thomas J. Tanksley, Esq.
2  Thomas J. Tanksley, Ltd.
   Nev. Bar #0431
3  8683 W. Sahara Ave. #230
   Las Vegas, NV 89117
4  (702) 382-1700 fax 341-1144
   Email: lawbytank@aol.com
5  Attorney for Nathaniel Banks, Jr., Plaintiff

**FILED**

**NOV 3 0** ~~2009~~

*[signature]*
CLERK OF COURT

6                          DISTRICT COURT
                        CLARK COUNTY, NEVADA
7

8  NATHANIEL BANKS, JR.,              )   Case No.:  A09598480C
       Plaintiff,                     )   Dept. No.: XXIII
9                                     )
   vs.                                )   AMENDED COMPLAINT
10                                    )
   CLARK COUNTY, NEVADA, a            )
11 Governmental Body or Entity;       )
   CLARK COUNTY PUBLIC DEFENDER       )
12 PHILIP J. KOHN, Individually and also )   Arbitration Exempt: Action
   the AGENCY or OFFICE itself of     )   Presents Significant Issues of
13 CLARK COUNTY PUBLIC DEFENDER;      )   Public Policy; Action with Unusual
   TIERRA D. JONES, Individually and as a )  Circumstances Providing Good
14 Deputy Clark County Public Defender; )   Cause for Removal
   LAS VEGAS JUSTICE COURT;           )
15 CLARK COUNTY DETENTION CENTER;)
   Doe Individuals or Administrators 1-10, )
16 Roe Entities 1-10,                 )
   Roe Institutions and Agencies 11-20, )
17         Defendants.                )

18         Plaintiff NATHANIEL BANKS, JR. ("Plaintiff" or "Banks"), as and for his amended

19 Complaint to the original Complaint filed herein on or about September 2, 2009, alleges and

20 claims as follows:

21         1.  Plaintiff Banks is and was at all material times a college graduate, a U.S. Citizen, a

22 former employee of the United States government who had a high-level security clearance when

23 he left such employment, and a male African-American. Until the events complained of herein,

24 he had no criminal record.

25         2.  Upon information and belief, on or about Sept. 3, 2007, there had essentially been

26 a verbal exchange between Plaintiff and an individual female named America Owens

27 (hereinafter, the "encounter"). While Owens apparently took personal offense from the verbal

28 encounter, she was not at all physically injured or put in any danger by Plaintiff.

1    3. Upon information and belief, the encounter between Plaintiff and Owens had taken

2    place in a parking area on the property of the Tropicana Hotel and Casino in Las Vegas (the

3    "Tropicana"), where Owns worked.

4    4. Upon information and belief, there then occurred communications between Owens

5    and one or more Tropicana security personnel concerning Plaintiff.

6    5. Upon information and belief, subsequent communications between Owens and/or

7    Tropicana security personnel, on the one hand, and one or more officers from of Las Vegas

8    Metropolitan Police Dept. ("LVMPD"), on the other hand, resulted in criminal allegations

9    against Plaintiff.

10   6. On or about September 3, 2007, Plaintiff was physically arrested by officers of

11   LVMPD and was jailed for supposedly having committed the felony crime of attempted first

12   degree kidnaping against Owens.

13   7. Plaintiff Banks did not actually commit the alleged acts, as Owens would later testify

14   in the preliminary hearing.

15   8. Even though employees of the Tropicana were apparently involved in causing the

16   initial arrest of the Plaintiff, based on communications from certain out-of-state bankruptcy

17   attorneys (threatening to seek sanctions from bankruptcy court), apparently at the urging of

18   counsel for the Tropicana, such entities previously filed bankruptcy (elsewhere) so that any

19   potential or alternative claim herein against them for malicious prosecution (or any related

20   claim) could not go forward in this action. Nevertheless, as to be more fully addressed, most

21   of the claims set forth herein and the damages incurred actually happened to Plaintiff during

22   and after he appeared in Justice Court and as a result of conduct by others.

23   9. At the preliminary hearing before the Las Vegas Justice Court, which took place on

24   or about September 13, 2007, Owens testified under oath in a manner contrary to the version

25   of events that was set forth in the Declaration of Arrest and contrary to the alleged grounds for

26   arresting Plaintiff Banks.

27

28                                              -2-

1    10.   As a result of the testimony of Owens (the only testifying witness) at the
2  preliminary hearing, the felony charges would be dismissed out of necessity, however injustices
3  to Plaintiff and violations of his rights took place as alleged hereinafter.

4    11.   Instead of just dismissing the charges and releasing Banks based on the
5  (exculpatory) testimony of Owens, Las Vegas Justice Court Judge Ann Zimmerman called a
6  conference in her chambers between herself, the prosecutor, deputy district attorney M.
7  Staudaher, and Plaintiff's appointed attorney, Defendant Tierra Jones from the Public
8  Defender's office, which conference was off-the-record and without Banks being present.

9    12.   Based on what would next occur on-the-record, it is believed that at least a
10 substantial part of what would next occur on-the-record had first been discussed and/or
11 acquiesced in, if not planned, in such off-the-record conference in chambers.

12   13.  At this point in time, it was still only a preliminary hearing which was supposed to
13 have determined sufficiency of evidence to have a trial on the felony charge of attempted first
14 degree kidnaping, and there was not sufficient evidence because the alleged victim had
15 essentially denied under oath that there had been an attempt to kidnap her.  Thus, Plaintiff
16 Banks had actually prevailed at this preliminary hearing from an evidentiary standpoint and was
17 entitled to have the felony charges dismissed.

18   14.  Back in court on-the-record at this preliminary hearing, Defendant Jones first made
19 a motion to dismiss the charge of the attempted first-degree kidnaping, which motion was not
20 directly opposed.

21   15.  The prosecutor, in response, however, immediately moved that the charges be
22 changed to misdemeanor harassment (instead of attempted first degree kidnaping), and *at the
23 same time* unjustly asked that the Justice Court  impose a six-month sentence.   Thus, the
24 prosecutor spoke  *as if*  Banks had already been tried and found guilty of misdemeanor
25 harassment, when that had not actually occurred.

26
27
28                                    -3-

16.   Apparently following the lead of the prosecutor, and with no contrary voice asserted in the courtroom, the Justice Court Judge started to determine sentencing of Banks based on a charge of misdemeanor harassment, *as if* he had already been found guilty, despite there having been no trial.

17. For Banks to have been facing sentencing for any crime at this point was, in and of itself, not just a violation of his rights but a violation of clear and fundamental rights on multiple levels.   *Had* this proceeding before the Justice Court actually been a trial instead of a preliminary hearing, it would have violated Banks' rights for the Judge to permit the addition of a new charge after the presentation of the evidence in the trial was complete.   A criminal defendant is not required to prepare a defense to any possible new alleged offense that might be added or inserted at the whim of the prosecutor *after* the evidence has already been presented.   Defendants are entitled to know what the charges are in advance of an actual trial. Here, the testimony of the only witness would have compelled an acquittal on the only charge that was actually at issue in the preliminary hearing in which she testified. *A fortiori*, the absence of a trial made it a compound violation of the rights of Banks. Banks had prevailed on the sole issue that was procedurally before the Justice Court in the preliminary hearing. Under the law, he did not need to testify or do anything else to defend at that proceeding.

18. Moreover, it was erroneous to base any purported conviction, even for misdemeanor harassment, solely on the testimony given by Owens at a preliminary hearing.   Banks had not testified because there had been no need for it at this type of hearing.   Furthermore, had it actually been a trial, there was certainly the prospect that Owens might have been significantly impeached even as to what she did say about the encounter with Banks. After all, (according to LVMPD) Owens had previously given a different version of events.

19. Despite clear violations of fundamental rights of Plaintiff Banks that any reasonably competent public defender attorney would have known or should have known were objectionable, Defendant Tierra Jones asserted no objections, failed to request a trial and

-4-

1   otherwise failed to alert the Justice Court Judge that a due process denial was unfolding.  She
2   also made no apparent effort to consult with Banks about his rights to defend against  the
3   amended charge of misdemeanor harassment at a trial, or about anything else of importance at
4   that moment.

5       20.  On the subject of sentencing, it was revealed in Court that Banks had no criminal
6   record whatsoever. Upon information and belief, this revelation was a surprise to all concerned
7   apparently due to erroneous pre-judgments made about Banks based on his being an African-
8   American male.

9       21.  Nevertheless, the Justice Court Judge still abided by the prosecutor's request and
10  sentenced Banks to six-months imprisonment, apparently with no effort to even seek any
11  recommendations from the Department of Parole & Probation concerning sentencing. In doing
12  so, she voiced an absurd rationale:  "that's absolutely no way to attempt to speak to a lady."
13  The violations of the rights of Banks were therefore compounded by a harsh sentence, despite
14  his having no criminal record, based on Banks allegedly using bad manners toward a female.

15      22.  Furthermore,  upon information and belief, in any present day metropolitan
16  community, let alone in Las Vegas with its promotion of an adult playground, countless verbal
17  exchanges occur between people of the opposite sex resulting in someone being offended, but
18  such incidents don't result in any charges being brought, let alone in a conviction for
19  misdemeanor harassment with a six months sentence.  Indeed, upon information and belief, the
20  charge of harassment was not even designed or intended for fleeting, one-time verbal
21  encounters, but was unjustly and unconstitutionally used here as a supposed ground to deal with
22  Banks.

23      23.  Defendant Jones failed to assert any objections to these events or to otherwise
24  attempt to enlighten the Justice Court Judge as to the violations.   Defendant Jones instead
25  joined in the discussion of sentencing and otherwise dealt with the actions of the Justice Court
26  Judge essentially as if this was all "business-as-usual". Consequently, the Justice Court Judge

27

28                                          -5-

1   was never even made to face, on-the-record, that her treatment of Banks was unjust and violated

2   his due process rights.   Thus, whether intending to do so or not, Defendant Jones actually

3   helped bring about the fundamental violations of the rights of Banks and unjust treatment that

4   he received.

5       24.   To what extent that these unfolding events were discussed off-the-record in

6   chambers is not yet known (and is not critical to the overall outcome of this case), but the fact

7   is that such conference was apparently called in reaction to Owens testifying that Banks did not

8   attempt to kidnap her as alleged, and then the violations of due process immediately followed

9   such conference in chambers with Defendant Jones present.

10       25.   Upon information and belief, the efforts of at least the prosecutor in seeking to

11   deprive Banks of his right to a trial and in seeking to have him sentenced to jail or prison for

12   such a dubious misdemeanor offense, and to also do so despite the dubious credibility of the

13   only witness heard at the preliminary hearing (Owens), was motivated, at least in substantial

14   part, based on discrimination because Banks is an African-American male and, on such basis,

15   was simply targeted for some substantial punishment and/or was viewed as not deserving of a

16   trial.   Upon information and belief, such injustices toward Banks were also, or alternatively,

17   planned, permitted, carried out and/or acquiesced in as a result of incompetence, negligence,

18   and/or reckless disregard of rights, or a combination of any of any or all of such foregoing

19   reasons.

20       26.   Upon information and belief, at no time did Defendant Jones or any other

21   representative of the Defendant Office of the Public Defender, or Defendant Public Defender

22   Philip Kohn, seek to do anything to either correct or appeal the erroneous purported conviction

23   and sentencing of Banks, without a trial, even though there was sufficient reason to do so, as

24   previously alleged.

25       27. As a result of the foregoing injustices and failures, Banks was not only deprived of

26   his rights which is itself compensable, but was imprisoned at Defendant Clark County Detention

27

28                                           -6-

1   Center ("CCDC") to start serving his six-month sentence (less time served). At CCDC, he was

2   forced to endure miserable, demeaning, stressful, threatening, overcrowded and humiliating

3   conditions, in proximity with real criminals.   Having never been previously convicted of a

4   crime before, the confinement at CCDC was especially horrific for Banks and will likely have

5   a life-time effect upon him. He has had to battle depression, as well as intense anxiety, despair

6   and frustration over the treatment and injustices he was forced to endure.

7          28.  Upon information and belief, the Defendant Las Vegas Justice Court itself should

8   not have entered or  maintained on its records, or communicated to any other agencies or

9   authorities or information data bases, that  Banks had actually been convicted of any charge

10  when there had never been a trial, nor even the scheduling of a trial, nor any plea agreement

11  whatsoever.   Furthermore, there should have been some system or administrator in place to

12  have detected that Plaintiff Banks should not be treated as if convicted when there had never

13  been a trial, nor scheduling of a trial, nor any plea agreement whatsoever, and Plaintiff Banks

14  should have been set free or at least received a fair trial.

15         29.  Upon information and belief, Defendant CCDC had no right to confine Banks and

16  should not have  treated Banks as if he had actually been tried and convicted, in further of the

17  violation of his rights.   At the very least, the overall criminal justice system operated by

18  Defendant Clark County, Nevada should have had fail-safe means in place, either in the Justice

19  Court, CCDC administration, or otherwise within the administration of Clark County, Nevada

20  to absolutely prevent what happened to Plaintiff Banks, in having been treated as convicted and

21  imprisoned, without ever receiving a trial.

22         30.  Banks was later forcibly transferred to a different prison facility near Pioche

23  Nevada, for further confinement and loss of liberty. After Banks honorably served a significant

24  part of his sentence, because of his good behavior, he was moved to the house arrest program

25  until eventually released from any further confinement.   Nevertheless, he still continued to

26  unjustly suffer his loss of liberty, as well as other alleged injuries and damages.

27

28                                                   -7-

1    31.  As one damaging result of the foregoing events, the previously unblemished record

2    of Banks has shown a conviction and jail time so that his reputation has been permanently

3    tarnished. This erroneous confinement also caused Banks  to not be able to earn any income

4    for his entire period of confinement and also made a substantial negative impact on his potential

5    employment opportunities thereafter.   His prior high security clearance was also adversely

6    impacted.

7    32.  The identities and extent of involvement of the Defendants John Doe, Doe Individuals

8    or Administrators 1-10, Roe Entities 1-10, and Roe Institutions and Agencies 11-20 are not yet fully

9    known and may be individuals, officials, administrators, partnerships, corporations, government

10   departments, institutions or other entities, offices or agencies.  Each of them would also be

11   responsible in some manner for acting as the principal, supervisor, superior, manager, agent,

12   individual, co-conspirator, or co-participant, joint-tortfeasor, of or with any of the named

13   Defendants, or would otherwise be legally responsible.  They would also be responsible,

14   directly or indirectly, for some or all of the harm and damages alleged, although their

15   involvement, identities and relationships among one another are not yet sufficiently known.

16   Plaintiff may request leave to amend the complaint to insert the true names of these fictitious

17   Defendants, or any of them, if and when their identities,  specific conduct and involvement,

18   become more known.

19   33.  Upon information and belief, prosecuting district attorney M. Staudaher and  Las

20   Vegas Justice Court Judge Ann Zimmerman, are understood to have absolute personal immunity

21   under the applicable laws for their personal conduct in Las Vegas Justice Court pertaining to

22   Plaintiff Banks.  Nevertheless, the conduct itself could still have been negligent or wrongful

23   (even if immunity applies), and other persons, agencies or organizations may still bear liability

24   on alternative grounds alleged herein based on their relationship, responsibilities and/or

25   involvement.

26   **Introduction to Counts Asserted**:  Based on the foregoing allegations, and any

27

28                                              -8-

1  additional allegations that my follow, Plaintiff Banks sets forth alternative claims and causes

2  of actions as hereinafter provided, reserving all rights to further amend or modify such

3  allegations. Notwithstanding the labeling of the various counts herein, such labels are not to be

4  construed as limiting or waiving any other potential theories of recovery.   Plaintiff Banks

5  reserves all rights to take full advantage of the rules of notice pleading and to rely upon any

6  legal theory supported by the facts alleged or for which reasonable notice is otherwise

7  sufficiently provided.

### First Count
### Negligence, Malpractice and/or Breach of Fiduciary Duty

10  34.  Plaintiff Banks repeats and realleges paragraphs 1 through 33 set forth above and

11  incorporates same by reference as though fully set forth herein.

12  35.  At all material times, Defendants Tierra Jones worked for and was a representative

13  of the Agency or Office of the Defendant Clark County Public Defender( "CCPD") so that

14  CCPD bears responsibility for her actions and inactions, along with Defendant Clark County,

15  Nevada, which bears responsibility as well for any and all acts and omissions of Defendant

16  Jones and of the CCPD office or agency.  Defendants Tierra Jones, CCPD, and the head of the

17  CCPD office or agency, Defendant Philip Kohn (collectively, the "Public Defender

18  Defendants"), owed duties of due care regarding Plaintiff Banks and his rights and welfare and

19  were obligated to make at least reasonable efforts to try to protect fundamental rights of Banks

20  including (but not limited to) the basic right to a trial before being purportedly convicted or

21  sentenced, and the right to not be discriminated against or treated unjustly.

22  36.  The Public Defender Defendants also had fiduciary obligations to Banks.  At a

23  minimum, these included the obligations to represent him competently and loyally, to seek to

24  protect his fundamental civil rights including (but not limited to) his right to receive a trial for

25  the alleged offense of misdemeanor harassment  and his right to not be sentenced or be deemed

26  convicted without even having received a trial and also to not be discriminated against.

27  37.  Plaintiff Banks relied upon the Public Defender Defendants with the justifiable

28  

–9–

1   expectation that they would at least make reasonable attempts to protect his fundamental rights
2   and would not participate in or acquiesce to a course of conduct whereby fundamental rights
3   of Banks were violated. However, as also previously alleged, Defendant Jones, as the
4   designated attorney for Banks during the preliminary hearing, not only failed to make
5   appropriate objections to the improprieties taking place at the preliminary hearing in the Las
6   Vegas Justice Court, apparently due to manipulating by the prosecuting deputy district attorney,
7   but Defendant Jones appears from the record to have even cooperated and/or acquiesced in such
8   conduct during the proceeding. She also failed to advise or consult with Banks. The Public
9   Defender Defendants also failed to take any steps to try to correct the erroneous outcome of the
10  proceedings or to appeal its erroneous purported conviction and sentencing.

11      38. The Public Defender Defendants made fundamental errors and omissions and they
12  committed breaches of their obligations to Banks in their representation of Plaintiff Banks and
13  thereby allowed and helped cause Banks to suffer violations of his clear and established rights,
14  with resulting injuries and damages as alleged. These alleged events constituted such
15  fundamental and clear deviations from basic criminal procedure and such violations of basic
16  Constitutional rights that any reasonably competent attorney acting as a public defender should
17  have known better and should not have permitted or participated in such events without
18  asserting objections and then, if still necessary, taking steps to try to correct the travesty.

19      39. Upon information and belief, the Clark County Public Defender Phillip Kohn and
20  his office or agency CCPD failed to properly train and supervise Defendant Jones and/or
21  negligently assigned her to represent Banks at the proceeding she was not able to properly
22  handle, and then failed to do anything to try to correct or appeal the wrongful proceedings.

23      40. Upon information and belief, the errors, omissions and breaches of obligations by
24  the Public Defender Defendants proximately caused, participated in causing or substantially
25  contributed to the alleged injuries and damages to Plaintiff Banks including, but not limited to,
26  his being purportedly convicted without a trial, and thereafter confined, without due process,

27

28                                        -10-

1   and all of the alleged injuries and damages associated with such confinement, with a false

2   record of conviction, and other alleged injuries and damages including pain and suffering,

3   humiliation, embarrassment, emotional distress, mental distress, loss of income, and loss of

4   liberty.   Such damages are in an amount in excess of $10,000.00.   Accordingly, the Public

5   Defender Defendants, as well as Clark County, Nevada, should be held liable therefor.

6       41.   So too, upon information and belief, the Defendant Las Vegas Justice Court and

7   the Defendant CCDC should be also held liable for all of the alleged damages, which were

8   caused by their negligent and illegal treatment of Banks, and confinement of Plaintiff Banks

9   by CCDC, *as if* he had been convicted and sentenced as a result of a trial, when he actually had

10  received no trial. Accordingly, Defendant Clark County, Nevada, which operates the Las Vegas

11  Justice Court, CCDC and CCPD, should also bear responsibility and liability for all such

12  injuries and damages. Such injuries and damages, as previously alleged, are in an amount in

13  excess of $10,000.00.

14                            **Second Count**

15               **Defamation, Invasion of Privacy and False Light**

16      42.   Plaintiff   repeats and realleges paragraphs 1 through 41 set forth above and

17  incorporates same by reference as though fully set forth herein.

18      43.   Upon information and belief, as more fully set forth above, Defendant Las Vegas

19  Justice Court entered and put forth a false and erroneous record that Banks was convicted of

20  misdemeanor harassment when in fact he did not even receive a trial for such charges. Upon

21  information and belief, such false and erroneous record and disbursement of information led to

22  Banks being jailed, imprisoned, and put under house arrest, and it has permanently damaged

23  his reputation injuring his future prospects in life and causing him mental anguish, distress, loss

24  of income, and other injuries and damages as already alleged, in an amount in excess of

25  $10,000.00.

26      44. As a result of the foregoing, Defendants Las Vegas Justice Court and Clark County,

27  Nevada, which operates it, should be held liable to Plaintiff for an amount in excess of

28                                  -11-

1  $10,000.00 for defamation, invasion of privacy and false light, or on any other ground supported

2  by the evidence.

3

### Third Count
### False Imprisonment

45.  Plaintiff Banks repeats and realleges paragraphs 1 through 44 set forth above and incorporates same by reference as though fully set forth herein.

46.  During his confinement at Defendant CCDC and in prison near Pioche, Nevada, and during his forced transfers, and his house arrest as well, Banks suffered indignities, humiliation, confinement, mental distress, embarrassment, loss of liberty, pain and suffering, and other injuries and damages. He was also unable to earn any income while in confinement.

47.  Upon information and belief, based on the foregoing allegations, Defendants or any of them, are liable to Plaintiff for all injuries and damages caused by his  false imprisonment, as more fully alleged above, based on his having been deprived of a trial and treated as if convicted and sentenced and forcibly confined without having had a trial as more fully set forth above,  in an amount in excess of $10,000.00.

### Fourth Count
### Emotional Distress

48.  Plaintiff Banks repeats and realleges paragraphs 1 through 47 set forth above and incorporates same by reference as though fully set forth herein.

49.  Based on the foregoing allegations, which includes extreme and outrageous conduct and  treatment of Plaintiff Banks in violation of fundamental rights, some or all of the Defendants should be held liable to Plaintiff Banks for either intentional or negligent infliction of emotional distress which Plaintiff suffered in connection with or as a result of the proceedings in Las Vegas Justice Court and subsequent imprisonment and treatment related thereto, in an amount of injury and damages in excess of $10,000.00.

///
///

-12-

**Fifth Count**
**Violation of Civil Rights and Conspiracy**

50.    Plaintiff repeats and realleges paragraphs 1 through 49 set forth above and incorporates same by reference as though fully set forth herein.

51.    Plaintiff Banks has, and had at all material times, protected rights pursuant to the United States Constitution and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and pursuant to statutory law including (but not necessarily limited to) 42 U.S.C. Sect. 1983 and 28 U.S.C. Sections 1331, 1343, as well as substantive/statutory due process rights applicable in the United States of America and in the State of Nevada. Among those rights are the rights to due process, the right to a fair trial, the right to liberty, to equal protection under the laws, the right against excessive or unreasonable punishment, and the right not to be prosecuted or treated unfairly based on race or sex.

52.    As more fully alleged hereinabove, all those who participated in and administered or ratified the proceeding that was supposed to be a preliminary hearing for Plaintiff Banks in Las Vegas Justice Court, while acting under color of state law, caused and permitted Plaintiff Banks to suffer violations of his civil rights as alleged above, or ratified such events, including but not limited to, failure to receive due process or a fair trial before being purportedly convicted and sentenced to confinement, and being charged and harshly and unjustly sentenced for alleged conduct that should not have resulted in any charge, let alone any purported conviction or such harsh sentencing. Violations of Plaintiff's rights alone justifies a monetary award, however, as previously alleged, such conduct resulted in loss of liberty and significant other injuries and damages.

53.    Upon information and belief, at least some of the violations of Plaintiff's rights were motivated and/or permitted at least in part because Plaintiff is an African-American male, however Defendants would bear responsibility for any involvement in the violation of Plaintiff's civil rights regardless of any one individual's motives or cumulation of causal factors involved

54.    Upon information that is available, it appears that Defendant Tierra Jones, while

-13-

1  acting as a representative of Defendant CCPD and employee of Defendant Clark County

2  Nevada, conspired (even if passively) in an off-the-record discussion with others, while acting

3  under color of state law, and then cooperated in and/or acquiesced in subsequent conduct taking

4  place in a proceeding wherein Plaintiff's fundamental civil rights were violated as more fully

5  alleged hereinabove, and then failed to attempt to correct or appeal the violations.

6      55.   Based thereon, Defendant Jones, and any other named Defendants found to be

7  responsible, directly or indirectly, or derivatively, for such violations of the rights of Plaintiff

8  Banks should be held liable therefor and for all resulting damages, as previously alleged, in an

9  amount in excess of $10,000.00, plus attorney's fees, costs and interest.

10                     **Sixth Count**
                     **Attorneys Fees**

11  Plaintiff Banks has already expended substantial sums for an experienced criminal

12  defense attorney to assist in evaluating and and seeking to settle this matter, which settlement

13  efforts were to no avail, and Plaintiff Banks has had to retain legal counsel to prepare and

14  pursue his claims. Plaintiff Banks is entitled to recover attorney's fees and expenses under the

15  applicable civil rights law or otherwise.

16  WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

17    1.   For compensatory damages in an amount in excess of $10,000.00;

18    2.   For special damages for loss of income and other expenses incurred.

19    3.   For an award of reasonable attorneys' fees incurred in connection with the
   preparation and prosecution of this action;

20    4.   For punitive or exemplary damages if and to the extent that any defendant were

21  found to have engaged in conduct for which punitive or exemplary damages can be awarded

22    5.   For interest as permitted by law and costs of suit; and

      6.   For such other relief as this Court deems just and proper in this premises.

23  Thomas J. Tanksley, Ltd.

24  Thomas J. Tanksley, Esq.
25  Nevada Bar No. 0431
    8683 W. Sahara Ave. #230
26  Las Vegas, NV 89117
    Tel. (702) 382-1700 Fax. 341-1144
27  Lawbytank@aol.com
    Attorney for Nathaniel Banks, Jr., Plaintiff
28

-14-

# EXHIBIT B

1  SUMM
   Thomas J. Tanksley, Esq.
2  Thomas J. Tanksley, Ltd.
   Nev. Bar #0431
3  8683 W. Sahara Ave. #230                    ORIGINAL
   Las Vegas, NV 89117
4  (702) 382-1700 fax 341-1144
   Email lawbytank@ aol.com
5  Attorney  for Nathaniel Banks, Jr., Plaintiff

6                          DISTRICT COURT
                         CLARK COUNTY, NEVADA
7
   NATHANIEL BANKS, JR.,              )      Case No.:  A09598480C
8       Plaintiff,                    )      Dept. No.: XXIII
                                      )
9  vs.                                )      SUMMONS (Amended)
                                      )
10                                    )
   CLARK COUNTY, NEVADA, a            )
11 Governmental Body or Entity;       )
   CLARK COUNTY PUBLIC DEFENDER       )
12 PHILIP J. KOHN, Individually and also )
   the AGENCY or OFFICE itself of     )
13 CLARK COUNTY PUBLIC DEFENDER;      )
   TIERRA  D. JONES, Individually and as a )
14 Deputy Clark County Public Defender; )
   LAS VEGAS JUSTICE COURT;           )
15 CLARK COUNTY DETENTION CENTER;)
   Doe Individuals or Administrators 1-10, )
16 Roe Entities 1-10,                 )
   Roe Institutions and Agencies 11-20, )
17                                    )
        Defendants.                   )
18 _____)

19

20 **NOTICE:** YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT

   YOUR BEING HEARD  UNLESS YOU RESPOND  WITHIN 20 DAYS.
21
   **READ THE INFORMATION BELOW.**
22

23 TO THE DEFENDANT(S):  A civil complaint has been filed by the Plaintiff(s) against you for the

24 relief set forth in the Complaint.

25     1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you,

26 exclusive of the day of service, you must do the following:

27     (a) File with the Clerk of this Court, whose address is shown below, a formal written response

28 to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

1   (b) Serve a copy of your response upon the attorney whose name and address is shown:

2   Thomas J. Tanksley, Esq.
    Thomas J. Tanksley, Ltd.
3   Nev. Bar #0431
    8683 W. Sahara Ave. #230
4   Las Vegas, NV 89117
    (702) 382-1700 fax 341-1144
5

6   2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and

7   failure to so respond will result in a judgment of default against you for the relief demanded in the

8   Complaint, which could result in the taking of money or property or other relief requested in the

9   Complaint.

    3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so
10
    that your response may be filed on time.
11
    4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board
12
    members, commission members and legislators each have 45 days after service of this Summons within
13
    which to file an Answer or other responsive pleading to the Complaint.
14

15  **NOTICE:   YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU**

16  **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS (OR THE**

17  **APPROPRIATE TIME IF OTHERWISE STATED).   READ THE INFORMATION ABOVE.**

18

19                                  CLERK OF THE COURT

20                          By: _____   NOV 3 0 2009
                                                              Date
21                              Deputy Clerk
                                Eighth judicial District Court
22                              Regional Justice Center          ALYSE HAMILTON
                                200 Lewis Ave.
23                              Las Vegas, NV 89155

24  Submitted by:

25  Thomas J. Tanksley, Esq.
    Thomas J. Tanksley, Ltd.
    Nev. Bar #0431
26  8683 W. Sahara Ave. #230
    Las Vegas, NV 89117
27  (702) 382-1700 fax 341-1144

28                                  -2-