DAVID ROGER
District Attorney
**CIVIL DIVISION**
State Bar No. 002781
By: **ROBERT J. GOWER**
Deputy District Attorney
State Bar No. 001868
500 South Grand Central Pkwy.
P. O. Box 552215
Las Vegas, Nevada 89155-2215
(702) 455-4761
Fax (702) 382-5178
e-mail: Robert.Gower@ccdanv.com
Attorneys for Defendants
Clark County, Nevada and
Las Vegas Justice Court

UNITED STATES DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| NATHANIEL BANKS, JR., ) | |
| ) | |
| Plaintiff, ) | Case No: 2:09-CV-02424 |
| ) | |
| vs. ) | |
| ) | |
| CLARK COUNTY, NEVADA, a ) | |
| Governmental Body or Entity; ) | **DEFENDANTS CLARK COUNTY,** |
| CLARK COUNTY PUBLIC DEFENDER ) | **NEVADA, AND LAS VEGAS** |
| PHILIP J. KOHN, Individually and also ) | **JUSTICE COURT'S MOTION TO** |
| the AGENCY or OFFICE itself of ) | **DISMISS** |
| CLARK COUNTY PUBLIC DEFENDER; ) | |
| TIERRA D. JONES, Individually and as a ) | |
| Deputy Clark County Public Defender; ) | |
| LAS VEGAS JUSTICE COURT; ) | |
| CLARK COUNTY DETENTION CENTER; ) | |
| Doe Individuals or Administrators 1-10, ) | |
| Roe Entities 1-10, ) | |
| Roe Institutions and Agencies 11-20, ) | |
| ) | |
| Defendants. ) | |

On September 2, 2009, the Plaintiff NATHANIEL BANKS, JR. filed a Complaint alleging both 42 U.S.C. § 1983 and state tort claims naming as Defendants TROPICANA ENTERTAINMENT, LLC; TROPICANA ENTERTAINMENT HOLDINGS, LLC;

TROPICANA LAS VEGAS HOTEL AND RESORT, INC.; TROPICANA LAS VEGAS HOTEL & CASINO, INC.; TROPICANA LAS VEGAS HOTEL & CASINO, INC.; AMERICA OWENS, Individually; TROPICANA SECURITY GUARD JOHN DOE; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; LVMPD SUPERVISOR JOHN DOE; LVMPD OFFICER IZZO BADGE #9319, Individually; LVMPD OFFICER GORDON BADGE #8242; LVMPD OFFICER MULDROW, Individually; CLARK COUNTY PUBLIC DEFENDANT; TIERRA D. JONES, Deputy Public Defendant, Individually; LAS VEGAS JUSTICE COURT; CLARK COUNTY DETENTION CENTER; CLARK COUNTY, NEVADA; CITY OF LAS VEGAS, NEVADA; NEVADA DEPT OF PRISONS; STATE OF NEVADA; DOE INDIVIDUALS 1-10, ROE ENTITIES 1-10. On November 30, 2009, the Plaintiff filed an Amended Complaint which revised several of the claims and reduced the number of named Defendants.  Defendants CLARK COUNTY, NEVADA, and LAS VEGAS JUSTICE COURT remain named Defendants in the Plaintiff's Amended Complaint. The Amended Complaint contains the following six Counts: Count 1 – Negligence, Malpractice and/or Breach of Fiduciary Duty; Count 2 – Defamation, Invasion of Privacy and False Light; Count 3 – False Imprisonment; Count 4 – Emotional Distress; Count 5 – Violation of Civil Rights and Conspiracy; and Count 6 – Attorneys Fees.

As alleged by the Plaintiff in the Amended Complaint:

1. The Plaintiff was arrested on September 3, 2007 for felony attempted first degree kidnapping (¶ 6);

2. The Plaintiff did not commit the alleged acts (¶ 7);

3. At the Preliminary Hearing, the victim Owens testified contrary to the version of events contained in the Declaration of Arrest and contrary to the alleged grounds for arresting the Plaintiff (¶ 9);

4. Instead of just dismissing the charges and releasing the Plaintiff, the Justice of the Peace held a conference in Chambers with the prosecutor and the public defender (¶ 11);

5. Following the conference in Chambers, the Public Defender made a motion to dismiss the charge of attempted first degree kidnapping (¶ 14);

6. The prosecutor moved that the charges be amended to misdemeanor harassment and asked the Justice Court to impose a 6-month sentence (¶ 15); and

7. The Justice Court sentenced the Plaintiff to a 6-month term of imprisonment (¶ 21).

Although not completely clear, it appears that the Plaintiff is including both Defendants CLARK COUNTY, NEVADA and LAS VEGAS JUSTICE COURT in all of the Counts in the Amended Complaint. This Motion to Dismiss is brought pursuant to F.R.C.P. 12(b)(6) and is filed solely on behalf of Defendants CLARK COUNTY, NEVADA and LAS VEGAS JUSTICE COURT.

I. **MOTION TO DISMISS STANDARDS**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Since Rule 12(b)(6) focuses on the "sufficiency" of a claim – and not the claim's substantive merits – "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Although the Court is generally confined to consideration of the allegations in the pleadings, when the Complaint is accompanied by attached documents, those documents are deemed part of the Complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss should be granted if Plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a probably requirement, but it ask for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949. Allegations of material fact are taken as true and are construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The Court need not; however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) and Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). The Court should not assume that the Plaintiff "can prove facts which it has not alleged or that the defendants have violated the … laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

## II.   PLAINTIFF'S UNDERLYING CONVICTION

A cursory review of the Plaintiff's Amended Complaint amply demonstrates that the Plaintiff is challenging his underlying conviction. As indicated in the Amended Complaint, the Plaintiff was sentenced to a six-month imprisonment for misdemeanor harassment (¶¶ 21, 22) and he served his six months at Clark County Detention Center (CCDC) (¶ 27) and at a facility near Pioche, Nevada (¶ 30) and then he was moved to a house arrest program until released (¶ 30). Noticeably lacking in the Amended Complaint is any allegation that his conviction or sentence has been overturned or otherwise declared invalid which is logical since the Seventh Count of the Plaintiff's original Complaint alleged that:

> [P]laintiff Banks seeks a declaratory judgment that
> his purported conviction for misdemeanor
> harassment was entered without him having received
> a trial and is therefore to be deemed as invalid, void

and unconstitutional and that the charges for his initial arrest were dismissed due to a lack of probable cause.

¶ 54 of the Plaintiff's original Complaint.

The foregoing requires dismissal of both § 1983 and the state law tort claims. With respect to the § 1983 claims, these claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) since, to the extent that the Plaintiff's claims imply the invalidity of the underlying conviction and sentence, they are not cognizable under § 1983 unless there is a showing that the underlying conviction or sentence has been overturned or otherwise invalidated. See also Williams v. Consovoy, 453 F.3d 173, 177 (2006) (the Plaintiff could not proceed with a § 1983 claim even though he was no longer in custody).

Similarly, with respect to the state law tort claims, the Plaintiff must also first show that he has obtained appellate or post-conviction relief from his conviction or sentence. Morgano v. Smith, 110 Nev. 1025, 879 P.2d 735 (1994) (legal malpractice action against a criminal defense attorney could not be maintained unless the plaintiff had obtained appellate or post-conviction relief from conviction or sentence, or otherwise established innocence of charges); Levine v. Kling, 123 F.3d 580 (7th Cir. 1997) (malpractice suit was dismissed and Court recognized that "by operation of the doctrine of collateral estoppel a valid criminal conviction acts as a bar to overturning that conviction in a civil damages suit"); and Truong v. Orange County Sheriff's Dept., 29 Cal. Rptr. 3d 450 (2005) (state law claims for assault and battery and intentional infliction of emotional distress were dismissed since the Plaintiff had not shown that the conviction had been reversed or otherwise expunged).

Accordingly, this Motion to Dismiss should be granted on this basis alone.

### III. DEFENDANT CLARK COUNTY, NEVADA

With respect specifically to Defendant CLARK COUNTY, NEVADA, the Plaintiff must demonstrate that: (1) a County employee violated the Plaintiff's constitutional

rights, (2) the County has "customs or policies that amount to deliberate indifference," and (3) these policies were the moving force behind the violation of the Plaintiffs' constitutional rights, in the sense that the County could have prevented the violation with an appropriate policy. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1993-94 (9th Cir. 2002). The Plaintiff has failed to allege that CLARK COUNTY, NEVADA had an established policy or custom that resulted in the alleged constitutional violation which is a necessary prerequisite to establishing liability under 42 USC § 1983. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, the Plaintiff appears to be relying on a theory of respondeat superior against this Defendant claiming:

> 1. Count I, ¶ 35 – "At all material times Defendant Tierra Jones worked for and was a representative of the Agency or office of Defendant Clark County Public Defender ("CCPD") so that CCPD bears responsibility for her actions and inactions along with Defendant Clark County, Nevada which bears responsibility as well for any and all acts and omissions of Defendant Jones and of the CCPD office or agency,"

> 2. Count I, ¶ 41 – "Accordingly, Defendant Clark County, Nevada, which operates the Las Vegas Justice Court, CCDC and CCPD, should also bear responsibility and liability for all such injuries and damages,"

> 3. Count II, ¶ 44 – "As a result of the foregoing, Defendants Las Vegas Justice Court and Clark County, Nevada, which operates it, should be held liable to Plaintiff for an amount in excess of $10,000.00 for defamation, invasion of privacy and false light, or on any other ground supported by the evidence," and

> 4. Count V, ¶ 54 – "Upon information that is available, it appears that Defendant Tierra Jones, while acting as a representative of Defendant CCPD and employee of Defendant Clark County, Nevada, conspired (even if passively) in an off-the-record discussion with others, while acting under color of state law, and then cooperated in and/or acquiesced in subsequent conduct taking place in a proceeding wherein Plaintiff's fundamental civil rights were violated as more fully alleged hereinabove, and then failed to attempt to correct or appeal the violations."

A municipality is liable under § 1983 only if "the municipality itself causes the constitutional violation at issue." City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) citing Monell v. N.Y. City Dept. of Soc. Servs., 436 U.S. 658, 694-95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff's reliance on a respondeat theory of liability against Defendant Clark County, Nevada is not appropriate since liability, pursuant to 42 USC § 1983, cannot be predicated upon a vicarious liability or respondeat superior theory. Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 691-92, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Collins v. City of Harker Heights, 503 U.S. 115, 123, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

Based on the foregoing, Defendant CLARK COUNTY, NEVADA should be dismissed from this action.

IV.     **DEFENDANT LAS VEGAS JUSTICE COURT**

The Plaintiff named LAS VEGAS JUSTICE COURT as a Defendant in this action. A Plaintiff may not bring a separate § 1983 claim against a municipal department. Vance v. County of Santa Clara, 928 F.Supp. 993, 996 (N.D.Cal. 1996) (holding that the term "persons" for § 1983 purposes does not encompass municipal departments; specifically, county corrections department was not a "person" under § 1983). In Ward v. Morris, 895 F.Supp. 116 (N.D. Miss. 1995), the Court held that the Justice Court of Alcorn County was not a "person" for purposes of § 1983. 895 F. Supp. at 117-118. Similarly, in Brown v. Cowlitz County Superior Court, 2009 WL 4544989 (W.D. Wash.), the Court dismissed the Cowlitz County Superior Court with prejudice since it was not a "person" as that term is used in 42 U.S § 1983.

Accordingly, Defendant LAS VEGAS JUSTICE COURT should be dismissed from this action on this basis alone.

Assuming arguendo for the purposes of this Motion to Dismiss only that the Plaintiff's allegations are true and that this Court deems the LAS VEGAS JUSTICE COURT a "person" pursuant to § 1983, Plaintiff's allegations still do not

state a cause of action against Defendant LAS VEGAS JUSTICE COURT since this Defendant is entitled to absolute judicial immunity as to both the Plaintiff's § 1983 allegations and State law tort claims.  Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) and Stark v. Second Judicial District Court, 118 Nev. 609, 55 P.3d 420 (2003).  Based on the foregoing, Defendant LAS VEGAS JUSTICE COURT should be dismissed from this lawsuit.

## CONCLUSION

Accordingly, Defendants CLARK COUNTY, NEVADA and LAS VEGAS JUSTICE COURT respectfully request that this Court grant this Motion to Dismiss.

DATED this 4th day of January, 2010.

                DAVID ROGER
                DISTRICT ATTORNEY

                By: _____
                ROBERT J. GOWER
                Deputy District Attorney
                State Bar No. 001868
                500 South Grand Central Parkway
                P. O. Box 552215
                Las Vegas, Nevada  89155-2215
                Attorney for Defendants
                CLARK COUNTY, NEVADA and
                LAS VEGAS JUSTICE COURT

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Clark County District Attorney and that on this 4th day of January, 2010, I served a true and correct copy of the foregoing **DEFENDANTS CLARK COUNTY, NEVADA, AND LAS VEGAS JUSTICE COURT'S MOTION TO DISMISS** through CM/ECF Electronic Filing system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Thomas J. Tanksley, Esq.
THOMAS J. TANKSLEY, LTD.
8683 W. Sahara Ave., #230
Las Vegas, NV 89117
*Attorney for Plaintiff*
lawbytank@aol.com

Laura Rehfeldt, Esq.
Deputy District Attorney
500 South Grand Central parkway
Las Vegas, NV 89106
*Attorney for the Clark County Public Defender, Philip J. Kohn and Tierra D. Jones*
laura.rehfeldt@ccdanv.com

Craig R. Anderson
MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney for Clark County Detention Center*
canderson@marquisaurbach.com

/s/ signature

An Employee of the Clark County District
Attorney's Office   Civil Division