1  DAVID ROGER
   District Attorney
2  **CIVIL DIVISION**
   State Bar No. 002781
3  By: **LAURA C. REHFELDT**
   Deputy District Attorney
4  State Bar No. 005101
   500 South Grand Central Pkwy.
5  P. O. Box 552215
   Las Vegas, Nevada  89155-2215
6  (702) 455-4761
   Fax (702) 382-5178
7  Attorneys for the Office of the
   Clark County Public Defender,
8  Public Defender Philip J. Kohn,
   and Deputy Public Defender
9  Tierra D. Jones

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL BANKS, JR.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, NEVADA, a Governmental Body or Entity;<br>CLARK COUNTY PUBLIC DEFENDER PHILIP J. KOHN, Individually and also the AGENCY or OFFICE itself of CLARK COUNTY PUBLIC DEFENDER;<br>TIERRA D. JONES, Individually and as a Deputy Clark County Public Defender;<br>LAS VEGAS JUSTICE COURT;<br>CLARK COUNTY DETENTION CENTER; Doe Individuals or Administrators 1-10,<br>Roe Entities 1-10,<br>Roe Institutions and Agencies 11-20,<br><br>　　　　Defendant. | Case No:  2:09-cv-02424 |

## MOTION TO DISMISS

Defendants, the Clark County Public Defender, Philip J. Kohn, the Office of the Clark County Public Defender, Deputy Public Defender, Tierra D. Jones (collectively referred to

as the "Public Defender Defendants"), hereby file a Motion to Dismiss in the above matter.

DATED this 4th day of January, 2010.

> DAVID ROGER
> DISTRICT ATTORNEY
>
> By: /s/ Laura C. Rehfeldt
> LAURA C. REHFELDT
> Deputy District Attorney
> State Bar No. 005101
> 500 South Grand Central Pkwy.
> P. O. Box 552215
> Las Vegas, Nevada 89155-2215
> Attorney for the Clark County Public Defender,
> Philip J. Kohn and Tierra D. Jones

## STATEMENT OF FACTS

On or about September 3, 2007, Plaintiff was arrested for allegedly committing the felony crime of attempted first degree kidnapping.[1] Plaintiff's preliminary hearing took place before Justice of the Peace, Ann Zimmerman, at the Las Vegas Justice Court, on September 13, 2007.[2] Plaintiff was represented by Deputy Public Defender Tierra D. Jones.[3] After the victim testified at the preliminary hearing, Judge Zimmerman called an off-record conference in her chambers between herself, the prosecutor, and Plaintiff's attorney, Defendant Jones.[4]

When Judge Zimmerman, the prosecutor and Defendant Jones returned to the court room from Judge Zimmerman's chambers, Plaintiff's attorney, Defendant Jones, moved for dismissal of the charge of attempt first-degree kidnapping.[5] The prosecutor then moved that the attempted first degree kidnapping charge be reduced to the offense of misdemeanor harassment, and argued that Plaintiff be sentenced to a six-month jail term.[6] Judge Zimmerman then adjudicated Plaintiff guilty of the amended charge of misdemeanor harassment.[7] Judge Zimmerman sentenced Plaintiff to a six month jail term with credit for

---

[1] Amended Complaint, ¶6.
[2] Amended Complaint, ¶¶9, 11.
[3] Amended Complaint, ¶11.
[4] Amended Complaint, ¶11.
[5] Amended Complaint, ¶14.
[6] Amended Complaint, ¶15.
[7] Complaint, ¶¶ 24, 26; Amended Complaint ¶¶24, 26.

time served.[8]  Plaintiff did not serve the full sentence in confinement, as he was moved to a house arrest program.[9]

Despite the reduction of an attempt kidnapping charge, which carries a term of two (2) to twenty (20) years in prison,[10] to a misdemeanor conviction and a six-month sentence with credit for time served and early release, Plaintiff files this lawsuit against the Public Defender Defendants.  While not clear, it appears Plaintiff is including the Public Defender Defendants in the following causes of action in the Amended Complaint:  1) Negligence, Malpractice and/or Breach of Fiduciary Duty in the First Count; 2) False Imprisonment in the Third Count; 4) Emotional Distress in the Fourth Count; and 5) Violation of Civil Rights and Conspiracy.[11]  It does not appear that the Public Defender Defendants are included in Plaintiff's second count of defamation, invasion of privacy and false light.[12]

## POINTS AND AUTHORITIES

### I.   Standard of Review for a Motion to Dismiss

The case of Rasidescu v. Midland Credit Management, Inc., 435 F.Supp.2d 1090 (S.D.Cal. 2001) sets forth the standard for a motion to dismiss for failure to state a claim.  It states that:

> A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Navarro, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.1984); see also Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. (citing Robertson, 749 F.2d at 534).

---

[8] Amended Complaint, ¶¶ 21, 27.
[9] Amended Complaint, ¶30.
[10] See NRS 200.320 and NRS 193.330.
[11] Amended Complaint, ¶¶34-55.
[12] Amended Complaint, ¶44

Rasidescu at 1094.

## II. There is No Cause of Action Against the Office of the Clark County Public Defender

While all of the Public Defender Defendants should be dismissed from the case, the Office of the Clark County Public Defender must be dismissed on grounds it is a department of Clark County and not a suable entity.

Under certain circumstances, Nevada has waived sovereign immunity otherwise accorded to the State of Nevada and its political subdivisions, such as county governments (except when state statutes expressly provide immunity). In Wayment v. Holmes, 112 Nev. 232, 912 P.2d 816 (1996), the Nevada Supreme Court held that county departments may not be sued. As the Nevada court explained:

> We conclude that the Washoe County District Attorney's Office is not a suable entity because it is a department of Washoe County, not a political subdivision. 'In the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued.' (citation omitted) The State of Nevada has not waived immunity on behalf of its departments of political subdivisions, and the Washoe County District Attorney's office as not been conferred the power to sue and be sued. NRS 41.031.

Wayment, 912 P.2d at 819. The Office of the Clark County Public Defender is a department of Clark County and not a political subdivision of the State of Nevada. Further, Clark County can be (and is) a named defendant in this action. Thus, the Office of the Clark County Public Defender should be dismissed as to the state claims.

Likewise, the Plaintiff may not bring a separate § 1983 claim against a county department. See Garcia v. City of Merced, 637 F.Supp.2d 731, 760 (E.D. Cal. 2008) (the term "persons" for § 1983 purposes does not encompass municipal departments, including police departments and sheriffs departments); Vance v. County of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996) (county corrections department not a person under § 1983). Again, the Office of the Clark County Public Defender is a County department, and must be dismissed as it is not a "person" that can be named in a § 1983 action.

### III. There is No Cause of Action for Violation of § 1983

**A.  Defendant Jones was Not Acting Under the Color of State Law**

Plaintiff seems to allege that Deputy Public Defender Tierra Jones caused Plaintiff to suffer violations of his civil rights, pursuant to 42 U.S.C. § 1983, while acting under color of state law. In order to be liable under that statute, one must be acting under the color of law. 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

In representing Plaintiff, Defendant Jones was performing the traditional functions of a criminal defense counsel, and, therefore, was not acting under "color of state law" and can not be liable to Plaintiff for a § 1983 action. See Polk County v. Dodson, 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (assistant public defender hired by a government agency and paid by government funds to represent a client is not a state actor within the meaning of § 1983). Thus, Plaintiff's § 1983 action against Defendant Jones fails.

**B.  Plaintiff has Not Been Exonerated of his Underlying Conviction**

In his Amended Complaint, Plaintiff seeks damages on grounds that the Public Defender Defendants violated his civil rights pursuant to § 1983. Throughout his Amended Complaint, Plaintiff challenges the validity of his conviction of the misdemeanor harassment

and the six-month sentence.[13] Further, it is even more blatantly stated in the Seventh Count of Plaintiff's original Complaint:

> Plaintiff Banks seeks a declaratory judgment that this purported conviction for misdemeanor harassment was entered without him having received a trial and is therefore to be deemed as invalid, void and unconstitutional and that the charges for his initial arrest were dismissed due to a lack of probable cause.[14]

The United States Supreme Court case of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) states that:

> . . . [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal</u>, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

<u>Heck</u>, 512 U.S. at 486-487 (emphasis added). In the present case, the allegations in Plaintiff's Complaints bear a direct relationship to his conviction. Plaintiff has not proven that his conviction has been reversed on appeal. The appeal process was available to Plaintiff as NRS 177.015(a) provides for appeal of misdemeanor convictions. Plaintiff in no way suggests or infers that he sought, requested or even desired an appeal after his conviction. Thus, on this ground alone, Plaintiffs §1983 allegations fail.

C. **Judge Zimmerman's Ruling Severed the Chain of Causation**

A judge's decision may sever the causation between a plaintiff's damages and a defendant's wrongdoing. <u>Townes v. City of New York</u>, 176 F.3d. 138, 146-147 (2d Cir. 1999) (unconstitutional search and seizure not the proximate cause of conviction when court refused to suppress evidence); <u>Egervary v. Young</u>, 366 F.3d 238, 249-250 (3d Cir. 2004) (judge failed in primary judicial duty of identifying legal principles and procedures, and it was held that the judge's order was a superseding cause that broke the chain of causation preventing the defendants from being liable); <u>Murray v. Earle</u>, 405 F.3d 278, 293 (5th Cir.

---

[13] For allegations regarding the invalidity of the conviction see Amended Complaint ¶¶15-19, 22-23, 24, 26, 28- 29, 35-41, 43, 49, 52. For allegations regarding the invalidity of a sentence see Amended Complaint ¶¶20- 22, 25-27, 29-30, 35-41, 43, 46, 49, 52.
[14] Original Complaint ¶54.

2005) (plaintiff's injury was caused by judge's error in failing to suppress her confession and, as a result, defendant police officers were shielded from liability despite their own wrongful conduct).

In the present case, Judge Zimmerman made the decision to adjudicate Plaintiff guilty of a misdemeanor and sentence him to six months. Thus, if there was any wrongdoing of the Public Defender Defendants (which the Public Defender Defendants neither concede nor believe), the ruling of Judge Zimmerman constitutes an intervening superseding event that breaks the chain of causation between Plaintiff's alleged injury and any alleged wrongdoing of the Public Defender Defendants.

### D. The § 1983 Action is Insufficiently Plead as to Defendant Kohn

With respect to the § 1983 claim against Philip J. Kohn, the Clark County Public Defender, Plaintiff failed to allege any policy, practice or custom that resulted in a constitutional injury. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690-91 (1978); Miranda v. Clark County, 319 F.3d 465, 469-471 (9th Cir. 2003); Avalos v. Baca, 517 F.Supp.2d 1156, 1162 (C.D. Cal. 2007). Specifically,

> A claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to the official policy, custom, or practice.'

Creighton v. City of Livingston, 628 F.Supp.2d 1199, 1208-1209 (E.D.Cal. 2009) (quoting Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988). In Creighton the complaint alleging § 1983 was not sufficient as it did not refer to any custom, policy or practice of the city, or allege that the city manager had final policymaking authority. See Garcia v. City of Merced, 637 F.Supp.2d 731, 762 (E.D.Cal. 2008) (§ 1983 pleading was insufficient as plaintiff cited no custom or policy of city or county that was followed by the sheriff or the district attorney); Paiva v. City of Reno, 939 F.Supp. 1474, 1489 (D.Nevada 1996), citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (for a supervisor to be liable under § 1983 for failure to train and supervise subordinates it must be

shown that he implemented a policy so deficient that the policy was a repudiation of constitutional rights and the moving force behind the constitutional violation).

Plaintiff has also failed to allege that any conduct by Defendant Kohn was the "moving force" behind Plaintiff's alleged injuries.

> Local government supervisors may . . . be individually liable under Section 1983 for constitutional violations committed by their subordinates if the supervisor's own conduct is shown to have been the 'moving force' behind the injuries inflicted by those subordinates. That the defendant supervisor was such a 'moving force' may be proven either by showing that the supervisor set in motion a series of events which she knew or reasonably should have known would result in constitutional injury, or that she knowingly refused to terminate a series of acts by a subordinate which the supervisor knew or should have known would cause the subordinate the inflict the harm alleged.

Paiva at 1489.

In the present case, Plaintiff makes very generic, conclusory allegations[15] as to Defendant Kohn, and not one in any way constitutes an allegation of an official policy, custom, or practice. Plaintiff has failed to meet the low threshold set forth in Creighton, supra for pleading a §1983 action against a supervisor. Furthermore, since the Plaintiff has named the County as well as Public Defender Philip Kohn in his official capacity, then the claim against Defendant Kohn should be dismissed. See Vance v. County of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996) (if individuals are sued in their official capacity as municipal officials and the municipal entity itself is also sued, then the claims against the individuals are duplicative and should be dismissed).

Additionally, Plaintiff has not in any way alleged that Defendant Kohn set in motion a series of events which he knew or reasonably should have known would result in constitutional injury. Thus, Plaintiff has insufficiently plead the §1983 action and has failed to state a claim for which relief can be granted.

E.     **There is Not a Cause of Action for a Conspiracy**

While it is unclear, Plaintiff seems to make a weak attempt in alleging that Defendant

---

[15] Amended Complaint, ¶¶ 26, 35-40, 54

Jones conspired with the prosecutor and Judge Zimmerman to violate his civil rights during the in-chamber meeting.[16] The law states that "[t]o prevail on a claim for conspiracy to violate one's constitutional rights under § 1983, the plaintiff must show specific facts to support the existence of the claimed conspiracy." <u>Avalos v. Baca</u>, 517 F.Supp.2d 1156, 1169 (C.D. Cal. 2007) (citing <u>Burns v. County of King</u>, 883 F.2d 819, 821 (9th Cir.1989).

> The elements to establish a cause of action for conspiracy under § 1983 are: (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. (citation omitted). In addition, there must be an agreement or meeting of the minds to violate his constitutional rights. (citation omitted). A formal agreement is not necessary; an agreement may be inferred from the defendant's acts pursuant to this scheme or other circumstantial evidence. (citation omitted).

<u>Avalos</u> at 1169-1170.

In the Amended Complaint, Plaintiff has not alleged any facts as to an agreement (whether express, implied or informal) between defendants to deprive him of constitutional rights, or that there was a meeting of the minds as to the alleged wrongful acts. Thus, the conspiracy allegation is insufficiently plead and fails to state a claim for which relief can be granted.

### IV. The Public Defender Defendants are Not Liable for State Law Claims

#### A. <u>Defendant Kohn is Not Liable for the Negligence of his Deputies</u>

Even if Defendant Jones was negligent (it is not conceded or believed that she is), Deputy Public Defender Phil Kohn is not liable for her negligence. The case of <u>Sanchez v. Murphy</u>, 385 F.Supp. 1362 (D.Nev. 1974) involved a malpractice action against an assistant public defender and the public defender in the lawsuit. The Court held that:

> [I]n absence of allegation or proof of negligence resulting in the appointment of an incompetent deputy, or allegation and proof of personal participation by the Public Defender in the alleged actionable misconduct of his Deputy, the Public Defender cannot be held personally and vicariously liable for the alleged malpractice of the Deputy.

---

[16] It appears that Plaintiff attempts to make these claims in Amended Complaint ¶¶ 11, 12, 23, 24 and 54.

Sanchez at 1365. In the present case, there are no allegations of personal participation by Defendant Kohn or appointment of an incompetent deputy. Thus, the state actions against Defendant Kohn must be dismissed.

**B.      Plaintiff's Conviction has Not been Reversed on Appeal**

With respect to malpractice actions against private criminal defense attorneys, Nevada law states that claims against an attorney may not be brought against a criminal defense attorney by a convicted client until appellate or post-conviction relief is obtained in favor of the client. The Nevada Supreme Court has held that:

> . . . to state a claim for legal malpractice against private criminal defense counsel, the plaintiff must assert a basis for claiming that the plaintiff's conviction or sentence was caused by something other than the plaintiff's own conduct. Citations omitted. <u>Specifically, the plaintiff must plead that he or she has obtained appellate or post-conviction relief in order to overcome a motion for summary judgment or a motion to dismiss.</u>

Morgano v. Smith, 110 Nev. 1025, 1028, 879 P.2d 735 (1994). See Clark v. Robison, 113 Nev. 949, 951, 944 P.2d 788 (1997) (in a legal malpractice case arising from criminal defense, however, proximate cause does not exist until post-conviction or appellate relief is granted). This ruling has also been applied to public defenders. See Shaw v. State, Dept. of Admin., PDA, 816 P.2d 1358 (Alaska 1991); Rowe v. Schreiber, 725 So.2d 1245 (Fla.App. 1999).

As stated above, Plaintiff has not pled that he has obtained the appellate relief necessary to overcome a motion to dismiss, as required in Morgano. The appeal process was available to Plaintiff as NRS 177.015(a) provides for appeal of misdemeanor convictions. Plaintiff in no way suggests or infers that he sought, requested or even desired an appeal after his conviction. Further, for the same reasons set forth in Morgano and Robison, Plaintiff's actions for malpractice, negligence and/or breach of fiduciary duty, and intentional or negligent emotion distress, are not ripe as causation does not exist without appellate relief. Likewise, with respect to the allegation of false imprisonment resulting from his misdemeanor conviction and jail sentence, Plaintiff cannot establish that his conviction was invalid without completing the appeal process. As a result, Plaintiff's state

law causes of actions are not ripe and should be dismissed. Thus, Plaintiff's claims against the Public Defender Defendants fail.

### C. Judge Zimmerman's Ruling Severed the Causation

As discussed above, Judge Zimmerman's ruling that Plaintiff was guilty of misdemeanor harassment and her decision to sentence him to a six-month jail term severs any causation between any alleged wrongdoing of the Public Defender Defendants and Plaintiff's injuries. As a result, Plaintiff has failed to state a claim for which relief can be granted as to the state claims.

### D. False Imprisonment Allegation

Plaintiff fails to state a claim for false imprisonment against the Public Defender Defendants. As stated in Plaintiff's Amended Complaint, police officers, not the Public Defender Defendants arrested Plaintiff for attempt first degree kidnapping. Also, as stated by Plaintiff, it was Judge Zimmerman, not the Public Defender Defendants, who sentenced Plaintiff to a six-month jail term. Significantly, as Plaintiff points out in his Amended Complaint, Defendant Jones moved for dismissal of his case after the preliminary hearing. Plaintiff has not stated a claim for which relief can be granted against the Public Defender Defendants.

## CONCLUSION

Plaintiff has not stated a claim for which relief can be granted against the Public Defender Defendants. Specifically, the Public Defender Defendants respectfully request that this motion to dismiss be granted on the following grounds:  1) that the Office of the Public Defender be dismissed on grounds that a county department is not a suable entity under § 1983 and state law; 2) that Defendant Jones be dismissed from the § 1983 action because she is not a state actor; 3) that the Public Defender Defendants be dismissed from the § 1983 action on grounds that Plaintiff has not been exonerated from his underlying criminal conviction, and, alternatively, due to Judge Zimmerman's intervening superseding act; 4) that Plaintiff has failed to sufficiently plead a cause of action against Defendant Kohn in his official and individual capacity; 5) that Plaintiff has failed to sufficiently plead a cause

of action for conspiracy of § 1983; 6) that the state law claims be dismissed against Defendant Kohn as he is not vicariously liable for the actions of his deputy; and 7) that the state law claims be dismissed on grounds that Plaintiff has not obtained appellate relief from his underlying conviction, and, alternatively, due to Judge Zimmerman's superseding act.

DATED this 4th day of January, 2010.

DAVID ROGER
DISTRICT ATTORNEY

By: _____
LAURA C. REHFELDT
Deputy District Attorney
State Bar No. 005101
500 South Grand Central Pkwy.
P. O. Box 552215
Las Vegas, Nevada 89155-2215
Attorney for the Clark County Public Defender,
Philip J. Kohn and Tierra D. Jones

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Clark County District Attorney and that on this 4th day of January, 2010, I served a true and correct copy of the foregoing **Motion to Dismiss** through CM/ECF Electronic Filing system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Craig R. Anderson
MARQUIS & AURBACH
canderson@marquisaurbach.com

Thomas J. Tanksley, Esq.
THOMAS J. TANKSLEY, LTD.
lawbytank@aol.com

Robert J. Gower
DISTRICT ATTORNEY-CIVIL DIVISION
ROBERT.GOWER@ccdanv.com

_____
An Employee of the Clark County District
Attorney's Office – Civil Division