DAVID ROGER
District Attorney
**CIVIL DIVISION**
State Bar No. 002781
By: **ROBERT J. GOWER**
Deputy District Attorney
State Bar No. 001868
500 South Grand Central Pkwy.
P. O. Box 552215
Las Vegas, Nevada 89155-2215
(702) 455-4761
Fax (702) 382-5178
e-mail: Robert.Gower@ccdanv.com
Attorneys for Defendants
Clark County, Nevada and
Las Vegas Justice Court

UNITED STATES DISTRICT COURT

CLARK COUNTY, NEVADA

NATHANIEL BANKS, JR.,

Plaintiff,

vs.

CLARK COUNTY, NEVADA, a Governmental Body or Entity; CLARK COUNTY PUBLIC DEFENDER PHILIP J. KOHN, Individually and also the AGENCY or OFFICE itself of CLARK COUNTY PUBLIC DEFENDER; TIERRA D. JONES, Individually and as a Deputy Clark County Public Defender; LAS VEGAS JUSTICE COURT; CLARK COUNTY DETENTION CENTER; Doe Individuals or Administrators 1-10, Roe Entities 1-10, Roe Institutions and Agencies 11-20,

Defendants.

Case No: 2:09-CV-02424

**DEFENDANTS CLARK COUNTY, NEVADA, AND LAS VEGAS JUSTICE COURT'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

On January 4, 2010, Defendants CLARK COUNTY, NEVADA and LAS VEGAS JUSTICE COURT filed a Motion to Dismiss the Plaintiff's Complaint and on that same date, a Motion to Dismiss was also filed by Defendants CLARK COUNTY PUBLIC DEFENDER PHILIP J. KOHN individually, the CLARK COUNTY PUBLIC

DEFENDER'S OFFICE and TIERRA D. JONES individually and in her position as a Deputy Public Defendant. On February 7, 2010, Plaintiff filed an Opposition which jointly responded to both Motions to Dismiss "for the convenience of all concerned." Plaintiff's Opposition at page 1. While filing a joint opposition to both Motions to Dismiss may have been more convenient for the Plaintiff, the formatting of the Plaintiff's Opposition makes it difficult to clearly determine which of the Plaintiff's arguments address which Motion to Dismiss; however, these Defendants will address the arguments raised in the Plaintiff's opposition that appear to apply to these specific Defendants.

Before addressing the merits of the arguments raised in the Motion to Dismiss, it should first be noted that the Plaintiff appears to be somewhat confused regarding the purpose behind filing Motions to Dismiss. The Plaintiff states that: "no Defendant attempts to give any explanation as to what occurred. Perhaps that is because there is no credible explanation." Plaintiff's Opposition at page 17. The Plaintiff also indicates that: "[I]n the final analysis, for these Defendants to come to this Court and give no defense other than to say you can't sue us should be unacceptable."

Plaintiff's Opposition at page 25.

The foregoing demonstrates that the Plaintiff appears to misunderstand the very nature of a Motion to Dismiss. Rather than arguing with the factual allegations in a Complaint by providing an "explanation as to what occurred," for the purposes of a Motion to Dismiss, allegations of material fact in the Complaint are taken as true and are construed in the light most favorable to the non-moving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Since Rule 12(b)(6) focuses on the "sufficiency" of a claim – and not the claim's substantive merits – "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Accordingly, at this juncture, it is clearly appropriate for these Defendants to do as the Plaintiff claims in coming "to this Court and give no defense other than to say you can't sue us." Plaintiff's Opposition at page 25. Contrary to the Plaintiff's claim, this Motion to Dismiss was appropriately filed by these Defendants.

A. PLAINTIFF'S UNDERLYING CONVICTION

As noted in Defendants' Motion to Dismiss, the Plaintiff's Amended Complaint does not contain any allegation that the Plaintiff's conviction or sentence has been overturned or otherwise declared invalid. Motion to Dismiss at page 4. It should be noted that there is also no such allegation in the Plaintiff's Opposition to the two Motions to Dismiss that were filed nor is there such an allegation in the Plaintiff's Affidavit which was filed in Support of the Plaintiff's Opposition. The lack of such an allegation is fatal to both the Plaintiff's § 1983 claims and the state law tort claims. With respect to the § 1983 claims, these claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) since, to the extent that the Plaintiff's claims imply the invalidity of the underlying conviction and sentence, they are not cognizable under § 1983 unless there is a showing that the underlying conviction or sentence has been overturned or otherwise invalidated. In this case, the Plaintiff is not only implying the invalidity of the conviction and sentence, but is actually directly challenging the validity of the Plaintiff's conviction and sentence. The Heck opinion clearly applies in this case and the Plaintiff's § 1983 claims should be dismissed on this ground alone.

The Plaintiff argues that there are exceptions to the Heck opinion which are relevant to this case. While Defendants acknowledge that there are exceptions to the Heck opinion, none of those exceptions apply in this case. The Plaintiff first argues that "one can have a completely viable cause of action merely due to being deprived of a procedural right, such as a right to receive a trial here, regardless of whether there was an ultimate conviction or not." Opposition at page 10. In support of this proposition, the Plaintiff relies on the following cases: Huang v. Johnson, 251 F.3d 65 (2nd Cir. 2001), Spencer v. Kenna, 523 U.S. 1 (1998) and Haupt v. Dillard, 17 F.3d 285 (9th Cir. 1994).

In Huang, the Second District Court found that the Heck opinion did not bar Huang's § 1983 action; however, that Court specifically noted that Huang's challenge was actually "aimed at the duration of Yu's confinement" instead of challenging "the validity of

Yu's conviction." 251 F.3d at 75. The Huang Court also discussed the Spencer decision noting that:

> [M]oreover, dictum in the majority opinion also suggested that the petitioner would not be barred under Heck from bringing a Section § 1983 action provided "petitioner were to seek damages 'for using the wrong procedures, not for reaching the wrong result,' and if that procedural defect did not 'necessarily imply the invalidity of the revocation."

251 F.3d at 74. (Emphasis added).

In Haupt, the Plaintiff Haupt had not been convicted, but instead he had been acquitted of the charges. 17 F.3d at 288. As such, the Heck case was not even an issue and in fact, the Heck case is not even referenced in the Haupt case. Instead, the Haupt Court found that Haupt's acquittal did not defeat his claim for denial of due process as a matter of law, but held that Haupt was collaterally estopped from relitigating that issue.

The Plaintiff also cites Spencer; however, in referencing this case, the Plaintiff focuses on the concurring opinion rather than the majority opinion in that case. The Spencer Court noted, as also indicated in Huang above, that:

> [I]f, for example, petitioner were to seek damages "for using the wrong procedures not for reaching the wrong result," see Heck 512 U.S., at 482-483, 114 S.Ct., at 2370, and if that procedural defect did not "necessarily imply the invalidity of" the revocation, see id., at 487, 114 S.Ct., at 2372, then Heck would have no application all. See also Edwards v. Balisok, 520 U.S. 641, 645-649, 117 S.Ct. 1584, 1587-1589, 137 L.Ed.2d 906 (1997); i.d., at 649-650, 117 S.Ct., at 1585 (GINSBURG, J., concurring).

523 U.S. at 18. (Emphasis added).

Even assuming arguendo that the Plaintiff's Complaint is viewed as challenging the procedures used by the Justice of the Peace, those alleged procedural

defects clearly "necessarily imply the invalidity" of the Plaintiff's conviction. Accordingly Heck applies and the Motion to Dismiss should be granted on this basis alone.

The Plaintiff also claims that Heck should not apply since the Plaintiff had been released from custody prior to bringing this suit. As support for this proposition, the Plaintiff cites the same three cases referenced previously along with the following two additional cases: Wilson v. City of Fountain Valley, 372 F.Supp.2d 1178 (C.D. Cal. 2004) and Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002). The Plaintiff notes that Defendants cited Williams v. Consovoy, 453 F.3d 173 (3rd Cir. 2006) in the Motion to Dismiss for the proposition that the Plaintiff in that case could not proceed with a § 1983 claim even though he was no longer in custody; however, the Plaintiff contends that the Williams v. Consovoy case: "at *most* represents an interpretation of *Spencer* by one particular circuit (the Third Circuit) and such interpretation is even at odds with the Ninth Circuit as previously discussed." Opposition at page 15.

Presumably, the Ninth Circuit case that the Plaintiff is referencing is the Nonnette v. Small case; however, that case does not support the Plaintiff's claim. While that case does contain some general statements of law that on first glance would seem to support the Plaintiff's position, the Court clearly narrowed the scope of its decision by noting that:

> [W]e also emphasize that our holding affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus. See Spencer, 523 U.S. at 7-12, 118 S.Ct. 978.

316 F.3d at 878 (footnote 7). (Emphasis added).

With respect to Wilson v. City of Fountain Valley, that Court held that:

> [*S*]*pencer* arguably could be read as requiring an exception to *Heck* when the claimant, despite diligently seeking to exhaust state-court remedies to his conviction or parole-revocation decision, nevertheless runs out of time-due to expiration of his sentence-

> before the state courts and the federal district court have ruled on his claims.

372 F. Supp. 2d at 1195-96.

That Court declined to apply Heck as barring Wilson's § 1983 action because the Court believed that both the facts and the law were unclear. 372 F. Supp.2d at 1196.

In the present case, the Plaintiff, Nathaniel Banks, Jr., is not a former prisoner "challenging loss of good-time credits, revocation of parole or similar matters," but instead he is challenging the underlying conviction and sentence. Accordingly, Heck does apply and the Motion to Dismiss regarding the Plaintiff's § 1983 claims should be granted on this basis alone.

With respect to the Plaintiff's state law tort claims, as indicated in the Motion to Dismiss, the Plaintiff must also first show that he has obtained appellate or post-conviction relief from his conviction or sentence. Morgano v. Smith, 110 Nev. 1025, 879 P.2d 735 (1994) (legal malpractice action against a criminal defense attorney could not be maintained unless the plaintiff had obtained appellate or post-conviction relief from conviction or sentence, or otherwise established innocence of charges); Levine v. Kling, 123 F.3d 580 (7th Cir. 1997) (malpractice suit was dismissed and Court recognized that "by operation of the doctrine of collateral estoppel a valid criminal conviction acts as a bar to overturning that conviction in a civil damages suit"); and Truong v. Orange County Sheriff's Dept., 29 Cal. Rptr. 3d 450 (2005) (state law claims for assault and battery and intentional infliction of emotional distress were dismissed since the Plaintiff had not shown that the conviction had been reversed or otherwise expunged).

The only response that the Plaintiff makes in his Opposition to those arguments is the following:

> [W]ith regard to the malpractice claims, Morgano (similar to Heck) talks about having the charges reversed by appeal...'or some other means' for purposes of being able to bring a malpractice case (citing Oregon case-law).

> All of the same arguments and exceptions discussed with regard to Heck apply and are incorporated by reference. Indeed, the failure alone of the Public Defender Defendants to take any steps to remedy the violation of the rights of Banks by appeal or otherwise was a *compounding* of the earlier malpractice and an additional basis for malpractice liability, not a reason for letting them escape their responsibility.
>
> These Defendants also fail to explain such "other means", and neither did the Nevada Supreme Court's decision in *Morgano v. Smith*, 110 Nev. 1025 (1994). There is a statutory scheme in Nevada for attempting to obtain an expungement, *in the sense of sealing of a criminal record*, but that would seem to even apply for people who are legitimately convicted as it seems to merely be a sealing. *See* Note *supra*.

The Plaintiff simply misses the point and he has failed to meet the pleading requirement for his state law claims which is that he must allege that he has obtained appellate or post-conviction relief from his conviction or sentence and; therefore, this Motion to Dismiss the Plaintiff's state law claims should be granted on this basis alone.

B. DEFENDANT CLARK COUNTY, NEVADA

As indicated in the Motion to Dismiss, the Plaintiff must demonstrate that: (1) a County employee violated the Plaintiff's constitutional rights, (2) the County has "customs or policies that amount to deliberate indifference," and (3) these policies were the moving force behind the violation of the Plaintiffs' constitutional rights, in the sense that the County could have prevented the violation with an appropriate policy. The Plaintiff has failed to allege that Defendant Clark County, Nevada had an established policy or custom that resulted in the alleged constitutional violation which is a necessary prerequisite to establishing liability under 42 USC § 1983. Instead, the Plaintiff appears to be relying on a theory of respondeat superior against this Defendant. Since the Plaintiff has failed to allege that Clark County itself caused the alleged constitutional violations and instead has only alleged a respondeat theory of liability against Clark County, Defendant Clark County, Nevada should be dismissed from this action.

C. DEFENDANT LAS VEGAS JUSTICE COURT

As indicated in the Motion to Dismiss, a Plaintiff may not bring a § 1983 claim against a municipal department such as the Las Vegas Justice Court. Motion to Dismiss at page 7. The Plaintiff does not address the cases cited by the Defendants on this issue, but instead the Plaintiff cites Nunez v. City of North Las Vegas, 116 Nev. 535, 1 P.3d 959 (2000 for the proposition that Defendants Clark County and the Las Vegas Justice Court "should be regarded as persons acting under color of state law for purposes of considering a claim for violation of civil rights." Plaintiff's Opposition at page 21. It is clear that the Plaintiff misunderstands the Nunez holding. First, these Defendants have never claimed that Defendant Clark County could not be a Defendant in this action, but instead the Defendants' argument is that the Las Vegas Justice Court is not a proper party in a § 1983 lawsuit. With all due respect to counsel, the portion of the Nunez opinion cited by the Plaintiff in the Opposition actually supports Defendants' position. While the Nunez Court did hold that "the municipal court is not an extension of the state for purposes of suit under 42 USC § 1983," Plaintiff's Opposition at page 20, the Court went on to hold that:

> [W]e also conclude that the municipal courts of this state are separate branches of their respective municipal governments. Because they are not state governmental entities, the respective municipalities may be subject to suits such as the instant matter.

Plaintiff's Opposition to Motion to Dismiss at page 20. (Emphasis added).

With respect to the Plaintiff's state law claims against the Las Vegas Justice Court, the Plaintiff cites Pittman v. Lower Court Counseling, 110 Nev. 359, 871 P.2d 953 (1994). The Pittman Court held that:

> [B]ecause LCC is a division of the City of Las Vegas Municipal Court which itself is part of the state judicial system and therefore a part of the state, LCC is not a person for purposes of 42 U.S.C. § 1983. Accordingly, the district court did not err in holding that a 42. U.S.C. § 1983 action could not be maintained against LCC as a division of the City of Las Vegas Municipal Court.

110 Nev. at 364.

In Nunez, the Court reversed or at least clarified the Pittman decision by concluding that the municipal court was not an extension of the State, but instead it was a separate "branch" of the municipal government and as such, the municipality could be subject to suit. 116 Nev. at 541.

Accordingly, Defendant Las Vegas Justice Court should be dismissed from this lawsuit.

DATED the 16th of February, 2010.

DAVID ROGER
DISTRICT ATTORNEY

By: /s/ ROBERT J. GOWER

ROBERT J. GOWER
Deputy District Attorney
State Bar No. 001868
500 South Grand Central Parkway
P. O. Box 552215
Las Vegas, Nevada 89155-2215
Attorney for Defendants
CLARK COUNTY, NEVADA and
LAS VEGAS JUSTICE COURT

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Clark County District Attorney and that on this 17th day of February, 2010, I served a true and correct copy of the foregoing **DEFENDANTS CLARK COUNTY, NEVADA, AND LAS VEGAS JUSTICE COURT'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** through CM/ECF Electronic Filing system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Thomas J. Tanksley, Esq.
THOMAS J. TANKSLEY, LTD.
8683 W. Sahara Ave., #230
Las Vegas, NV 89117
*Attorney for Plaintiff*
lawbytank@aol.com

Laura Rehfeldt, Esq.
Deputy District Attorney
500 South Grand Central Parkway
Las Vegas, NV 89106
*Attorney for the Clark County Public Defender, Philip J. Kohn and Tierra D. Jones*
laura.rehfeldt@ccdanv.com

Craig R. Anderson
MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney for Clark County Detention Center*
canderson@marquisaurbach.com

/s/ Susan White
An Employee of the Clark County District Attorney's Office – Civil Division