DAVID ROGER
District Attorney
**CIVIL DIVISION**
State Bar No. 002781
By:  **LAURA C. REHFELDT**
Deputy District Attorney
State Bar No. 005101
500 South Grand Central Pkwy.
P. O. Box 552215
Las Vegas, Nevada  89155-2215
(702) 455-4761
Fax (702) 382-5178
Attorneys for the Office of the
Clark County Public Defender,
Public Defender Philip J. Kohn,
and Deputy Public Defender
Tierra D. Jones

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL BANKS, JR.,<br><br>              Plaintiff,<br><br>       vs.<br><br>CLARK COUNTY, NEVADA, a<br>Governmental Body or Entity;<br>CLARK COUNTY PUBLIC DEFENDER<br>PHILIP J. KOHN, Individually and also<br>the AGENCY or OFFICE itself of<br>CLARK COUNTY PUBLIC DEFENDER;<br>TIERRA D. JONES, Individually and as a<br>Deputy Clark County Public Defender;<br>LAS VEGAS JUSTICE COURT;<br>CLARK COUNTY DETENTION<br>CENTER; Doe Individuals or<br>Administrators 1-10,<br>Roe Entities 1-10,<br>Roe Institutions and Agencies 11-20,<br><br>              Defendant. | Case No:  2:09-cv-02424 |

**PUBLIC DEFENDER DEFENDANT'S REPLY TO
PLAINTIFF'S OPPOSITION TO
PUBLIC DEFENDER DEFENDANT'S MOTION TO DISMISS**

Defendants, the Clark County Public Defender, Philip J. Kohn, the Office of the Clark

County Public Defender, Deputy Public Defender, Tierra D. Jones (collectively referred to

P:\REHFELL\Public Defender\Banks\reply to motion to dismiss 2-17-10.doc

as the "Public Defender Defendants"), hereby file a Reply to Plaintiff's Opposition to Public Defender Defendant's Motion to Dismiss ("Opposition") in the above matter.

DATED this 17th day of February, 2010.

DAVID ROGER
DISTRICT ATTORNEY

By: _____
LAURA C. REHFELDT
Deputy District Attorney
State Bar No. 005101
500 South Grand Central Pkwy.
P. O. Box 552215
Las Vegas, Nevada 89155-2215
Attorney for the Clark County Public Defender,
Philip J. Kohn and Tierra D. Jones

## ADDITIONAL FACTS

Based on Plaintiff's Opposition, additional facts are relevant in support of the Public Defender Defendant's Motion to Dismiss.

At the conclusion of Plaintiff's preliminary hearing, and after the in-chambers discussion, Defendant Jones moved for dismissal of the case.   (Opposition, Preliminary Hearing Transcript attached thereto, p. 24, lines 1-17 of Transcript).  Additionally, after the prosecutor moved to amend the charge of misdemeanor harassment and sentence Plaintiff to six months, Defendant Jones argued that the sentence be suspended.  (Opposition, Preliminary Hearing Transcript attached thereto, p. 25, lines 6-11 of the Transcript).

## POINTS AND AUTHORITIES

Plaintiff misses the point with respect to a motion to dismiss.  Plaintiff seems to be looking for a "form of conciliatory" or "apologetic message" (Opposition, p. 3, line 9), or an "explanation" (Opposition p. 17, line 14), while at the same time scolding the Public Defender Defendants for discussing relevant facts of the Plaintiff's underlying criminal case (Opposition p.3, lines 1-5).  The purpose of a motion to dismiss is to look at the sufficiency of the allegations of the complaint.  The Public Defender Defendants submit that the Amended Complaint fails to state a claim for which relief can be granted as Plaintiff can prove no set of

facts supporting his claim that would entitle him to relief; his complaint lacks a cognizable legal theory; and allegations in the complaint can be dismissed based on dispositive issues of law. Federal Rule of Civil Procedure 12(b)(6); Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001). Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.1984); see also Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## I.     There is No Cause of Action Against the Office of the Clark County Public Defender

Plaintiff fails to controvert Wayment v. Holmes, 112 Nev. 232, 912 P.2d 816 (1996) which holds that a department of a public entity may not be sued, and Garcia v. City of Merced, 637 F.Supp.2d 731, 760 (E.D. Cal. 2008) which holds that the term "persons" for § 1983 purposes does not encompass municipal departments.  Plaintiff appears to concede this as he acknowledges "that may merely require a slight modification of the caption." (Opposition, p. 5, line 17-18.) Thus, pursuant to Wayment and Garcia, the Office of the Public Defender can not be a party to this case and must be dismissed.

## II.  There is No Cause of Action for Violation of § 1983

**A.     Defendant Jones was Not Acting Under the Color of State Law and There is Not a Conspiracy.**

Plaintiff makes a weak attempt at alleging a conspiracy cause of action in his Amended Complaint.[1]  The only reference to a conspiracy in the Amended Complaint is at paragraph 53[2] which states:

> [U]pon information that is available, it appears that Defendant Tierra Jones, while acting as a representative of Defendant CCPD and employee of Clark County Nevada, conspired (even passively) in an off-the-record discussion with others, while acting under color of state law, and then cooperated in and/or acquiesced in subsequent conduct taking place in a proceeding wherein Plaintiff's fundamental civil rights were violated as more fully

---

[1] Plaintiff's Opposition references a § 1985 action.  (Opposition p. 6, line 6).  However, a § 1985 action is not alleged in the Amended Complaint.

[2] Plaintiff also claims that there is liability for state tort law civil conspiracy, but that is not alleged in the Amended Complaint.  (Opposition p. 6, lines 16-17).

alleged hereinabove, and then failed to attempt to correct or appeal the violations.

As stated in the Public Defender Defendant's Motion to Dismiss, the law states that "[t]o prevail on a claim for conspiracy to violate one's constitutional rights under § 1983, the plaintiff must show specific facts to support the existence of the claimed conspiracy." Avalos v. Baca, 517 F.Supp.2d 1156, 1169 (C.D. Cal. 2007) (citing Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989).

> [T]he elements to establish a cause of action for conspiracy under § 1983 are: (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. (citation omitted). In addition, there must be an agreement or meeting of the minds to violate his constitutional rights. (citation omitted). A formal agreement is not necessary; an agreement may be inferred from the defendant's acts pursuant to this scheme or other circumstantial evidence. (citation omitted).

Avalos at 1169-1170.

While Plaintiff is under the belief that, throughout his Amended Complaint, he makes allegations sufficient to support a conspiracy charge, his allegations fail. However, his Opposition cites to no references in the Complaint and there is no attempt to explain how he meets the standard set by the 9th Circuit, as set forth above. Plaintiff does not allege specific facts supporting a conspiracy. Facts have not been alleged supporting an agreement or a meeting of minds between the defendants to deprive Plaintiff of his constitutional rights. Plaintiff mentions a "discussion", and then alleges "subsequent conduct" and then a violation of civil rights. However, the Amended Complaint is completely void of specific facts showing an agreement to deprive him of his constitutional rights.

Significantly, the preliminary hearing transcript shows that Defendant Jones not only moved for dismissal of the case, but also argued that Plaintiff's sentence be suspended. (Opposition, Preliminary Hearing Transcript attached thereto p. 25, lines 1-17; page 25, lines 6-11 of the Transcript). These are facts provided by the Plaintiff and clearly indicate that

1   there was not a conspiracy to deprive Plaintiff of his civil rights.  If there was, Defendant

2   Jones would not have been arguing for dismissal of the case or a suspended sentence.

3          It is inconceivable that a § 1983 action could arise from a judge calling the attorneys

4   into chambers.  Further, imagine what the court case load would be if every party to a lawsuit

5   sued for conspiracy to commit a violation of § 1983 every time a judge called the attorneys

6   into chambers, or even to the bench.  Plaintiff has not and cannot plead a conspiracy of §

7   1983 between the prosecutor, judge and Defendant Jones in this case.  Since the conspiracy

8   fails, then there is no claim for a § 1983 action against Defendant Jones as she was

9   performing the traditional functions of a criminal defense counsel, and, therefore, not acting

10  under "color of state law".  Polk County v. Dodson, 454 U.S. 312, 324 (1981); Miranda v.

11  Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003).

12  **B.**     **Plaintiff has Not Plead that his Underlying Conviction or Sentence was**

13  **Exonerated.**

14         In his Opposition, Plaintiff argues that he is somehow exempt from the requirement

15  that he prove exoneration of his underlying criminal conviction or sentence prior to bringing

16  this § 1983 action, as required by Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff

17  primarily relies on the case of Huang v. Johnson, 251 F.3d 65 (2nd Cir. 2001) in support of

18  his position.  In that case the plaintiff was sentenced to a period of time in a youth facility.

19  Eventually, he was transferred to a day program.  The plaintiff went AWOL from the

20  program, was arrested on an unrelated charge and held in custody at the city jail.  The

21  plaintiff's release date from the youth facility was set back the amount of time he was

22  AWOL.  The plaintiff brought a § 1983 action for not being credited at the youth facility for

23  the time spent in the city jail.  Under these circumstances, Huang held that the plaintiff's §

24  1983 action was not barred by Heck because he challenged the duration of the confinement,

25  not the validity of the conviction.  Heck explicitly states that to recover for damages from an

26  allegedly unconstitutional conviction or imprisonment, the unlawfulness must render a

27  conviction or sentence invalid.  Heck, 512 U.S. at 486-487.  Huang does not apply to the

28  present case since the plaintiff's success in that case would not render the conviction or

sentence invalid.  The allegations of the plaintiff in <u>Huang</u> had nothing to do with the underlying conviction or the sentence.  Instead, he challenged the calculation of the duration of his confinement.  In the case at bar, Plaintiff's challenges directly relate to the conviction of harassment and 6 month sentence, and, if he were to be successful, the conviction and sentence would be rendered invalid.

Plaintiff also relies on the case of <u>Haupt v. Dillard</u>, 17 F.3d 285 (9th Cir. 1994) in support of his argument that he is entitled to an exemption from the <u>Heck</u> rule (even though <u>Heck</u> is not cited in <u>Haupt</u>).  In that case the plaintiff was acquitted on charges of murder and kidnapping.  The plaintiff brought a § 1983 action that included an allegation of violation of the 6th Amendment right to a fair trial.  The court held that the plaintiff had a cause of action for denial of due process because he was not convicted but, instead, acquitted of the charges.  Thus, even if <u>Heck</u> was raised, <u>Haupt</u> would not apply since success in the case would not render Plaintiff's harassment conviction or the 6 month sentence invalid.  In the present case, Plaintiff is directly challenging the underlying misdemeanor conviction and sentence.  Thus, success by the Plaintiff would necessarily imply the validity of the conviction and the sentence.

The 9th Circuit case of <u>Nonnette v. Small</u>, 316 F.3d 872 (9th Cir. 2002) involved a Plaintiff who sought § 1983 relief for violation of rights in a disciplinary proceeding and the resulting loss of good time credits.  The plaintiff could not seek habeas relief because he had been released from prison and the action would have been dismissed on grounds it was moot.  The court held that the plaintiff had a § 1983 action even though success would imply the invalidity of the disciplinary proceeding that resulted in the revocation of the good time credits.  However, significantly, the 9th Circuit expressly limited its ruling to former prisoners who are not challenging their underlying criminal convictions or sentences.  In doing so it emphasized that:

> [O]ur holding affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences does not change upon

1  release, because they continue to be able to petition for a writ of habeas
2  corpus.

3  Nonnette at 878, FN7.  Plaintiff also cites Wilson v. City of Fountain Valley, 372 F.Supp.2d
4  1178 (C.D. Cal. 2004), however, that § 1983 action challenged a parole revocation, not an
5  underlying conviction or sentence and, further, the plaintiff's success would not necessarily
6  imply that the revocation was invalid.

7    The cases cited by Plaintiff do not support his position that he has sufficiently plead a
8  § 1983 action.  The cases cited by the Plaintiff do not involve direct challenges to their
9  underlying criminal convictions.  Those cases deal with the calculation of a term of
10  confinement, procedural challenges to a trial that did not result in a conviction, and
11  revocation of good time credits.  Further, the 9th Circuit specifically narrowed its application
12  of Nonette to out-of-custody prisoners who challenge matters like good time credits and
13  parole revocation.  Here, Plaintiff is not making challenges to good time credits, parole
14  revocations or the like.  Plaintiff's allegations directly relate to the underlying conviction and
15  sentence and since his civil rights allegation, if successful, would necessarily invalidate the
16  underlying criminal conviction and sentence, Plaintiff is barred by Heck.

17  **C.**  **Judge Zimmerman's Ruling Severed the Chain of Causation**
18    As argued by the Public Defender Defendants in their Motion to Dismiss, Judge
19  Zimmerman's decision to adjudicate Plaintiff guilty of a misdemeanor harassment and
20  sentence him to six months jail severs the causation between Plaintiff's alleged damages and
21  any alleged wrongdoing by the Public Defender Defendants.  Plaintiff has cited no legal
22  authority supporting his position that the judge's decision is not an intervening superseding
23  event that breaks the causation.  Instead, he tries to distinguish the facts in this case from the
24  cases the Public Defender Defendants cited in support of their position by stating that they
25  "rely upon situations where there was an unconstitutional search or procurement of a
26  confession and where the judge later made an error of law in dealing with the issue."
27  (Opposition, p. 16, lines 17-19).  Obviously, Plaintiff did not read Egervary v. Young, 366
28

P:\REHFELL\Public Defender\Banks\reply to motion to dismiss 2-17-10.doc

1  F.3d 238, 249-250 (3d Cir. 2004), a case cited by the Public Defender Defendants, as that

2  case involved an international child custody dispute.  That court held that:

3      . . . where, as here, the judicial officer is provided with the appropriate
    facts to adjudicate the proceeding but fails to properly apply the governing

4      law and procedures, such error must be held to be a superseding cause,
    breaking the chain of causation of purposes of § 1983.

5

6  Egervary at 251-252.  In the case of Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959),

7  overruled in part on other grounds,  Cohen v. Norris, 300 F.2d 94 (9th Cir. 1962) a

8  plaintiff brought a civil rights action arising out of an alleged conspiracy for wrongful

9  incarceration in a state mental hospital.  The court addressed the issue of proximate

10  causation on appeal of a motion to dismiss and held that:

11      [W]here the gravamen of the injury complained of is commitment to an

12      institution by court order, this order of the court, right or wrong, is
    ordinarily the proximate cause of the injury.  Various preliminary steps

13      occur before the order is made.  These preliminary steps may range from
    such matters as filing of petitions to various clerical and procedural

14      activities which lead to the order.  In the ordinary case, the order is made

15      after a hearing in court or after consideration by the court of the supporting
    documents and evidence.  Therefore, the various preliminary steps would

16      not cause damage unless they could be said to be the proximate cause of the
    injury.  In the usual, case, the order of the court would be the proximate

17      cause and the various preliminary steps would be remote causes of any

18      injury from imprisonment or restraint under the court order.

19  Hoffman at 296-297.

20      Judge Zimmerman is a Justice of Peace in the Las Vegas Township and the large

21  majority of her work consists of conducting arraignments, misdemeanor trials and

22  preliminary hearings in criminal cases.  Judge Zimmerman heard the facts of the case, but

23  misapplied the law and procedure when she found Plaintiff guilty of a misdemeanor and

24  sentenced him to six months.  The words "judgment entered case closed" are stamped on the

25  Justice Court Minutes and signed by Judge Zimmerman.  (Opposition, Justice Court

26  Minutes attached thereto).  Thus, it is the order of the court, not the Public Defender

27  Defendants, that is the proximate cause of injury, if any, to the Plaintiff.

28

P:\REHFELL\Public Defender\Banks\reply to motion to dismiss 2-17-10.doc

**D.**     <u>The § 1983 Action is Insufficiently Plead as to Defendant Kohn</u>

Plaintiff has not disputed that the § 1983 action is insufficiently plead as to Defendant Kohn. (Opposition pp. 24-25).  Nowhere in the Opposition does Plaintiff argue that his Amended Complaint was sufficiently plead as to this issue.  With respect to the § 1983 claim against Defendant Kohn, the Clark County Public Defender, Plaintiff failed to allege any policy, practice or custom that resulted in a constitutional injury. <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658, 690-91 (1978); <u>Miranda v. Clark County</u>, 319 F.3d 465, 469-471 (9th Cir. 2003); <u>Avalos v. Baca</u>, 517 F.Supp.2d 1156, 1162 (C.D. Cal. 2007).  Additionally, Plaintiff has failed to dispute that Defendant Kohn was not a moving force behind Plaintiff's alleged injuries.  <u>Paiva v. City of Reno</u>, 939 F.Supp. 1474, 1489 (D.Nevada 1996).

In the Amended Complaint, Plaintiff makes very generic, conclusory allegations as to Defendant Kohn which do not constitute allegations of an official policy, custom, or practice.  This was argued in the Public Defender Defendant's Motion to Dismiss and Plaintiff has not refuted it in his Opposition.  Furthermore, since the Plaintiff has named the County as well as Public Defender Philip Kohn in his official capacity, then the claim against Defendant Kohn should be dismissed.  <u>See</u> <u>Vance v. County of Santa Clara</u>, 928 F.Supp. 993, 996 (N.D. Cal. 1996) (if individuals are sued in their official capacity as municipal officials and the municipal entity itself is also sued, then the claims against the individuals are duplicative and should be dismissed).

**III.     The Public Defender Defendants are Not Liable for State Law Claims**

**A.     <u>Defendant Kohn is Not Liable for the Negligence of his Deputies</u>**

Plaintiff claims that he has alleged the appointment of an incompetent deputy by Defendant Kohn, but fails to cite to the allegation in the Amended Complaint.  (Opposition p. 24, lines 9-14).  Additionally, Plaintiff makes no attempt to argue in the Opposition that he alleged personal participation by Defendant Kohn on the alleged misconduct of Defendant Jones.  <u>See</u> <u>Sanchez v. Murphy</u>, 385 F.Supp. 1362 (D. Nev. 1974).  Thus, the state actions against Defendant Kohn must be dismissed.

**B.**      **Plaintiff's Conviction has Not been Reversed on Appeal**

Plaintiff has not cited any authority in support of his claim that his arguments and exceptions to Heck automatically apply to a state malpractice claim brought by a client against his public defender.  The case of Morgano v. Smith, 110 Nev. 1025, 1028, 879 P.2d 735 (1994) explicitly states that in a malpractice claim against a criminal defense attorney, a plaintiff must actually plead exoneration of the underlying criminal offense.  Plaintiff has not met this pleading requirement and has provided no authority to the contrary.

As stated by the Public Defender Defendants in their Motion to Dismiss, Morgano was applied to private defense attorneys.  As argued by Plaintiffs, Morgano cited a Nevada case that applied discretionary immunity to public defenders.  However, the Public Defender Defendants have not and do not intend to assert this defense.  Thus, the application of the ruling of Morgano (that plaintiff must establish exoneration or reversal of his underlying criminal conviction before his claim against his criminal defense attorney is ripe) is completely appropriate for defendants who are public defenders.  In fact other states have applied such a ruling to public defenders.  See Shaw v. State, Dept. of Admin., PDA, 816 P.2d 1358 (Alaska 1991); Rowe v. Schreiber, 725 So.2d 1245 (Fla.App. 1999).

For the same reasons set forth in Morgano, Plaintiff's actions for malpractice, negligence and/or breach of fiduciary duty, and intentional or negligent emotion distress, are not ripe as causation does not exist without exoneration or reversal of the underlying conviction.

**C.**      **Judge Zimmerman's Ruling Severed the Causation**

As discussed above, Judge Zimmerman's ruling that Plaintiff was guilty of misdemeanor harassment and her decision to sentence him to a six-month jail term severs any causation between any alleged wrongdoing of the Public Defender Defendants and Plaintiff's injuries.  As a result, Plaintiff has failed to state a claim for which relief can be granted as to the state claims.

**D.**      **False Imprisonment Allegation**

Plaintiff has not addressed the false imprisonment allegation in his Opposition.  He

P:\REHFELL\Public Defender\Banks\reply to motion to dismiss 2-17-10.doc

1    has not refuted the position of Public Defender Defendants that there is no claim for false

2    imprisonment against the Public Defender Defendants.  Therefore, that claim must also fail.

3                                    **CONCLUSION**

4        Based on the foregoing, the Public Defender Defendants respectfully request that

5    Plaintiff's Amended Complaint be dismissed.

6        DATED this 17th day of February, 2010.

7                                    DAVID ROGER
                                     DISTRICT ATTORNEY

8

9    By: _____
                                     LAURA C. REHFELDT
10                                   Deputy District Attorney
                                     State Bar No. 005101
11                                   500 South Grand Central Pkwy.
                                     P. O. Box 552215
12                                   Las Vegas, Nevada 89155-2215
                                     Attorney for the Clark County Public Defender,
13                                   Philip J. Kohn and Tierra D. Jones

14                         **CERTIFICATE OF SERVICE**

15        I certify that I am an employee of the Office of the Clark County District Attorney

16    and that on this 17th day of February, 2010, I served a true and correct copy of the foregoing

17    **Public Defender Defendant's Reply to Plaintiff's Opposition to Public Defender**

18    **Defendant's Motion to Dismiss** through CM/ECF Electronic Filing system of the United

19    States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class,

20    postage pre-paid), upon the following:

21        Craig R. Anderson
          MARQUIS & AURBACH
22        canderson@marquisaurbach.com

23        Thomas J. Tanksley, Esq.
          THOMAS J. TANKSLEY, LTD.
24        lawbytank@aol.com

25        Robert J. Gower
          DISTRICT ATTORNEY-CIVIL DIVISION
26        ROBERT.GOWER@ccdanv.com

27        _____
          An Employee of the Clark County District
28        Attorney's Office – Civil Division