# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NATHANIEL BANKS, JR., )
                                                                                                                     )
                Plaintiff, )
                                                                                           )
vs. ) 2:09-cv-02424-RCJ-LRL
                                                                                           )
CLARK COUNTY, NEVADA, et al., )
                                                                                           ) **ORDER**
                Defendants. )

This case arises out of Plaintiff's alleged conviction and incarceration without trial or waiver of Sixth Amendment trial rights. Pending before the Court are Clark County Detention Center's Motion to Dismiss (#7), Las Vegas Justice Court and Clark County's Motion to Dismiss (#8), and Tierra D. Jones's, Philip J. Kohn's, and the Office of the Clark County Public Defender's Motion to Dismiss (#9). Plaintiff has voluntarily dismissed Clark County Detention Center as a party, rendering its motion to dismiss moot. (*See* #22). Plaintiff has filed a consolidated Response (#21) to the other motions to dismiss. For the reasons given herein, the Court denies Clark County Detention Center's Motion to Dismiss (#7) as moot, and grants the remaining Motions to Dismiss (#8, #9).

I.        FACTS AND PROCEDURAL HISTORY

On or about September 3, 2007, Plaintiff and a woman named America Owens had an altercation in the parking lot of the Tropicana Hotel and Casino in Las Vegas, Nevada that resulted in Plaintiff's arrest for first degree attempted kidnaping, a felony. (Compl. ¶¶ 2–6). After Owens's

testimony at Plaintiff's preliminary hearing on this charge in the Las Vegas Justice Court, Judge Ann Zimmerman allegedly held an off-record conference with the prosecutor and Defendant Tierra Jones, Plaintiff's appointed counsel, outside of Plaintiff's presence. (*Id.* ¶¶ 9–11). When the preliminary hearing resumed, Jones made an unopposed motion to dismiss the kidnaping charge, after which the prosecutor made a motion to reduce the charges to misdemeanor harassment and that a six-month sentence of imprisonment be imposed. (*Id.* ¶¶ 14–15). Judge Zimmerman then allegedly found Plaintiff guilty of the lesser offense and sentenced him to six months imprisonment without trial, guilty plea, waiver of trial rights, or any objection by Plaintiff's attorney. (*Id.* ¶¶ 16–23).[1]

Plaintiff sued Clark County, the Office of the Clark County Public Defender ("OCCPD"), Las Vegas Justice Court ("Justice Court"), Clark County Detention Center ("CCDC"), Philip J. Kohn, and Tierra D. Jones in the Clark County District Court. Before Defendants removed to this Court, Plaintiff filed an Amended Complaint ("AC"), which lists six causes of action: (1) Negligence, Malpractice, and/or Breach of Fiduciary Duty; (2) Defamation, Invasion of Privacy, and False Light; (3) False Imprisonment; (4) Emotional Distress; (5) Violation of Civil Rights and Conspiracy; and (6) Attorneys Fees. The Court will treat the AC as pleading the following seven causes of action: (1) Legal Malpractice; (2) Defamation; (3) Invasion of Privacy; (4) False Light; (5) False Imprisonment; (6) Intentional Infliction of Emotional Distress ("IIED"); and (7) Violation of Civil Rights Under 42 U.S.C. § 1983. A prayer for attorneys fees is not a cause of action. Defendants have moved to dismiss in three separate motions.

## II.    RULE 12(b)(6) STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what

---

[1] If this series of events occurred just as Plaintiff alleges—and such a confirmation would be shocking—the conviction would almost certainly be held invalid if directly appealed or challenged via habeas corpus petition, but the Court in the present case has jurisdiction only over Plaintiff's affirmative civil rights and state law tort claims.

the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The rule cuts both ways. Although a short, plain statement of the case showing a right to relief is sufficient, it is also necessary. Although there is some allowance for extraneous material, a rambling or confusing diatribe is too much, and a court may in its discretion dismiss such a complaint under Rule 8(e). *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. ANALYSIS

#### A. Judicial Immunity

Judges and courts have absolute civil immunity for their judicial acts, including as against claims under 42 U.S.C. § 1983, and regardless of any erroneous application of the law, unless there is a "clear absence" of subject-matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–58 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335 (1871)). As Defendants point out, Plaintiff's complaint is based on the allegedly erroneous denial of his constitutional right to trial, not a lack of the Justice Court's jurisdiction over the matter for which he was convicted and sentenced. Nevada's justice courts have jurisdiction over all misdemeanor crimes, Nev. Rev. Stat. § 4.370(3), and harassment is such a crime, *see* § 200.571. Therefore, the Justice Court and Judge Zimmerman are absolutely immune, and all causes of action are dismissed as to these Defendants. Defendants also argue that municipal departments are not "persons" who may be sued under § 1983. Whether or not the Justice Court is a municipal department, as a court it is not a "person" who can be sued under § 1983. *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993); *Foster v. Walsh*, 864 F.2d 416, 418–19 (6th Cir. 1988); *Coopersmith v. Sup. Ct., State of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972); *Zuckerman v. App. Div.,*

*Second Dep't, Sup. Ct. of State of N.Y.*, 421 F.2d 625, 626 (2d Cir. 1970); *see also United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005).

### B. Wrongful Conviction Under § 1983

Clark County is not immune from suit under the Eleventh Amendment. *Lincoln County v. Luning*, 133 U.S. 529, 530–31 (1890) (holding that Nevada counties are not immune under the Eleventh Amendment because they are corporations created by the state that may sue and be sued in their own names under the Nevada Constitution). Clark County may therefore be sued. To make out a § 1983 claim against a municipal corporation, Plaintiff must show:

> (1) that a County employee violated [Plaintiff's] rights; (2) that the County has customs or policies that amount to [the violation]; and (3) that these policies were the moving force behind the employee's violation of [Plaintiff's] constitutional rights, in the sense that the County could have prevented the violation with an appropriate policy.

*Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1194 (9th Cir. 2002) (citing *Amos v. City of Page*, 257 F.3d 1086, 1094 (9th Cir. 2001)).

As Defendants note, Plaintiff has not alleged a policy of convicting criminal defendants without trial. Moreover, an attack against an underlying criminal conviction is not cognizable under § 1983 unless a plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The rule is no different with regard to malpractice claims against public defenders. *See Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir. 2006). Plaintiff has made no allegations of reversal or post-conviction relief. Therefore, the § 1983 claims are dismissed as to the remaining Defendants, as they arise out of the alleged wrongful conviction, sentence and, legal malpractice relating thereto.

*Spencer v. Kemna*, 523 U.S. 1 (1998) does not provide the exception to *Heck* that Plaintiff argues it does. First, *Spencer* was a habeas corpus case, not a § 1983 case. Second, the Court's dicta

about the potential availability of a § 1983 action where a habeas corpus action was not available does not aid Plaintiff here, because his claim necessarily implies the invalidity of the conviction:

> Petitioner raises three more arguments, none of which seems to us well taken. First, he contends that since our decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), would foreclose him from pursuing a damages action under Rev. Stat. § 1979, 42 U.S.C. § 1983, unless he can establish the invalidity of his parole revocation, his action to establish that invalidity cannot be moot. This is a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available. It is not certain, in any event, that a § 1983 damages claim would be foreclosed. If, for example, petitioner were to seek damages "for using the wrong procedures, not for reaching the wrong result," *see Heck*, 512 U.S., at 482–483, 114 S. Ct., at 2370, and if that procedural defect did not "necessarily imply the invalidity of" the revocation, *see id.*, at 487, 114 S. Ct., at 2372, then *Heck* would have no application all. *See also Edwards v. Balisok*, 520 U.S. 641, 645–649, 117 S. Ct. 1584, 1587-1589, 137 L.Ed.2d 906 (1997); *id.*, at 649–650, 117 S. Ct., at 1585 (GINSBURG, J., concurring).

*Id.* at 17. Even if Plaintiff claimed that the total lack of a trial was a procedural defect as opposed to merely an error in the result, it is a procedural defect that necessarily implies the invalidity of the conviction, which is the dispositive question, and the claim is therefore barred under *Heck*. *See id.* (quoting *Heck*, 512 U.S. at 482–83; *id.* at 487).

There is no indication that Plaintiff was unable to appeal his conviction to the Nevada Supreme Court and then to file for certiorari with the United States Supreme Court, or that he was unable to file to have his conviction set aside under state law. That he slept on his rights is not cause to provide a § 1983 remedy where none lies under *Heck*. Nor is the fact that he cannot file for habeas corpus a reason to permit a § 1983 claim. The *Spencer* Court was unfazed by the possibility that in some cases there would be no route available to a § 1983 claim. *See id.* The Ninth Circuit has specifically rejected the argument that a § 1983 action is immediately available wherever a habeas corpus action is not available due to failure to timely file. *Cunningham v. Gates*, 312 F.3d 1148, 1154 n.3 (9th Cir. 2002). As this Court noted at oral argument, a contrary rule would permit any disgruntled convict who has not prevailed on appeal or post-conviction relief (because of his failure to pursue such relief) to file a § 1983 action against his attorney, and perhaps against others,

simply by characterizing the trial errors as "procedural." This would prove too much. In a strict sense, trial errors will always be "procedural." The dispositive question under the *Heck* line of cases is whether the § 1983 claim necessarily implies the invalidity of the underlying conviction, regardless of whether the claimed errors are characterized as "procedural."

Finally, the Court considered at oral argument whether a convict could file an action for a declaratory judgment that his conviction was void *ab initio*. Upon further research, it appears that several circuits, including the Ninth Circuit, have answered this question in the negative. *See United States v. Gutierrez*, 116 F.3d 412, 415 (9th Cir. 1997) (citing *Benson v. State Bd. of Parole & Probation*, 384 F.2d 238, 240 (9th Cir. 1967) ("[T]he Declaratory Judgment Act may not be used as a substitute for 'habeas corpus, coram nobis or other such procedures.'" (quoting *United States ex rel. Bennett v. Illinois*, 356 F.2d 878, 879 (7th Cir. 1966))); *Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir. 1966); *Forsythe v. Ohio*, 333 F.2d 678, 679 (6th Cir. 1964)). Furthermore, the Fifth Circuit has ruled that there is not even a sufficient Article III case or controversy to support standing for a declaratory judgment action when the complaint centers on past judicial violations of constitutional rights without an argument that "such conduct has continued or will continue to be repeated in the future." *Johnson v. Onion*, 761 F.2d 224, 226 (5th Cir. 1985) (quoting *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (affirming dismissal of a § 1983 action for alleged violations of fourth amendments rights at trial)).

### C. Remaining State Law Claims

The Court chooses in its discretion to retain jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Nevada law bars legal malpractice claims absent a showing of reversal or post-conviction relief similar to that required by *Heck* for § 1983 claims. *Morgano v. Smith*, 879 P.2d 735, 737–38 (1994). The Court therefore dismisses the legal malpractice claims. The Court will also dismiss any remaining state law claims that are predicated on the alleged wrongful conviction and sentence if pursuing such claims would necessarily imply the invalidity of Plaintiff's

conviction. *See Truong v. Orange County Sheriff's Dep't*, 29 Cal. Rptr. 3d 450, 455 (Ct. App. 2005) (dismissing assault, battery, and IIED claims predicated on an alleged illegal arrest and conviction that had not been adjudicated invalid). If the successful prosecution of a civil claim would necessarily imply the invalidity of an underlying conviction, such an action is barred by *Heck*. *Cunningham*, 312 F.3d at 1154. A tort claim may still lie only where the alleged tortious conduct is separate from the underlying state action such that the conviction is not put into question by vindication of the civil tort claim. *See Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001).

Here, the remaining state law claims are defamation, invasion of privacy, false light, false imprisonment, and IIED. That the prosecution of a false imprisonment claim would imply the invalidity of the underlying conviction and sentence requires no further discussion. This claim is dismissed. Next, the privacy torts are not individually pled. Moreover, they are based purely on the allegation that "Las Vegas Justice Court entered and put forth a false and erroneous record that Banks was convicted . . . [leading] to Banks being jailed, imprisoned, and put under house arrest . . . ." (Compl. ¶ 43). The defamation and privacy torts are therefore dismissed as being based on a claim of the invalidity of the underlying conviction and sentence. In any case, the only Defendant as to these claims is absolutely immune. The IIED claim also challenges the validity of the conviction, because the extreme and outrageous conduct alleged is "extreme and outrageous conduct and treatment of Plaintiff Banks *in violation of fundamental rights* . . . ." (*Id.* ¶ 49 (emphasis added)). The extreme and outrageous conduct alleged is the alleged violation of Plaintiff's trial rights. This claim is dismissed under *Heck*.

The Court does not condone the acts of the state trial court or Plaintiff's trial attorney, if indeed Plaintiff's conviction occurred as he describes it in the Complaint. If Plaintiff's allegations are true his conviction was a plain violation of the ancient and fundamental right to trial in a criminal case. However, Plaintiff must successfully appeal his conviction or obtain post-conviction relief

before he can bring affirmative constitutional or common-law tort claims that imply the invalidity of his conviction.

## CONCLUSION

IT IS HEREBY ORDERED that Clark County Detention Center's Motion to Dismiss (#7) is DENIED as moot.

IT IS FURTHER ORDERED that the remaining Motions to Dismiss (#8, #9) are GRANTED.

DATED:     April 2, 2010

_____
Robert C. Jones
United States District Judge